**In the Matter of the Application for Disciplinary Action Against Loren D. JONES, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NORTH DAKOTA, Petitioner,**

v.

**Loren D. JONES, Respondent.**

**Civ. No. 900287.**

Supreme Court of North Dakota.

July 28, 1992.

Vivian E. Berg (argued), Bismarck, for petitioner.

Loren D. Jones, LaGrange, Ill., respondent; no appearance.

Scott A. Griffeth, West Fargo, for respondent; letter appearance.

PER CURIAM.

This is a disciplinary proceeding against Loren D. Jones, a former sole practitioner in Fargo, who was admitted to practice in

1982 and has been a member of the bar since that time. Jones no longer practices law in North Dakota, and has not renewed his license since 1989. He now lives in Illinois and the record is unclear whether he is licensed to practice there.

The misconduct alleged by Howard and Evelyn Clemens, former clients of Jones, occurred subsequent to April of 1987 when the Clemenses hired Jones to incorporate and apply for tax-exempt status for a nonprofit corporation they were starting. This corporation was organized to produce videotapes that would teach square dancing to wheelchair occupants as a recreational and rehabilitative activity. There had been interest in this type of demonstrational tape from various states and countries. The Clemenses paid Jones a $550 flat fee for the work requested. Jones moved to Illinois in 1987, but told the Clemenses that the work would progress as if he were in North Dakota. In June of 1988, Jones had the Clemenses sign additional documents and promised that the process would soon be completed. Without any reported progress from Jones, the Clemenses hired another attorney, David Bailly, to finish the matter in 1989. The Clemenses had not received notice from Jones that the incorporation had been completed. In fact, they had very little communication from Jones throughout the two years he represented them. Bailly found that the articles of incorporation had been filed with the Secretary of State in June of 1987. However, the corporation had not been qualified with the Internal Revenue Service as an organization exempt from taxation. Bailly was able to gain the file and a refund of the fee from Jones.

The Clemenses suffered hardship because of Jones' failure to communicate and failure to complete the work he was hired to perform. Due to illness and the passing of time, many of the people that were originally involved with the videotape project became unavailable, and the project was never completed.

A petition for discipline was filed by disciplinary counsel, Vivian Berg on October 18, 1989. The petition outlined facts which described violations of the Code of Professional Responsibility and Rules of Professional Conduct.[1] This petition also noted that Jones had been privately reprimanded for similar misconduct on two prior occasions.

A hearing was held on April 11, 1991, before a Hearing Panel of the North Dakota Disciplinary Board. Jones did not appear personally, but was represented by counsel. After hearing testimony from Howard Clemens concerning Jones' representation, lack of communication, and neglect, the panel made the following recommendations:

1. That Jones pay all costs and expenses of this proceeding through the Hearing. The amount of costs and expenses prior to Hearing totaled $1,080.18. Disciplinary counsel is to file an affidavit as to the costs and expenses incurred through the Hearing.

2. That Jones be suspended from the practice of law for a period of thirty (30) days.

The panel's findings and recommendations were unanimously adopted by the Disciplinary Board and submitted to the Supreme Court for review under Rule 3.1.F of the North Dakota Procedural Rules for Lawyer Disability and Discipline (NDPRLDD).

■ We agree with the hearing panel that Jones violated applicable rules of professional conduct.[2] The hearing testimony

---

1. From January 1, 1977, to January 1, 1988, the rules addressing lawyer conduct were titled the Code of Professional Responsibility. After January 1, 1988, those rules were revised and renamed the North Dakota Rules of Professional Conduct. Because Jones' actions occurred in 1987 and 1988 both rules needed to be considered.

2. The hearing panel found that Jones' conduct occurring prior to 1988 violated the following:

Canon 6, DR 6–101(A)(3) of the Code of Professional Responsibility, which states:
(A) A lawyer shall not:
(3) Neglect a legal matter entrusted to him.
Canon 7, DR 7–101(A)(1)–(3) which states:
(A) A lawyer shall not intentionally:
(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer

reflects that Jones neglected legal matters entrusted to him and failed to adequately communicate with his clients. There have been private reprimands issued to Jones concerning similar misconduct. Such a pattern of neglect should not be overlooked. Failure of an attorney to communicate with a client and to complete the matters he was hired to perform provides grounds for discipline. *Disciplinary Board of the Supreme Court v. O'Neil*, 326 N.W.2d 879, 882 (N.D.1982).

▮ The Constitution of North Dakota, and the NDPRLDD [3] adopted by this Court provide the framework for lawyer discipline. According to Rule 1.1 of the North Dakota Standards for Imposing Lawyer Sanctions (NDSILS), lawyer discipline proceedings are to protect the public from lawyers who have not fulfilled their professional duties. *See Disciplinary Action Against Kaiser*, 484 N.W.2d 102, 108 (N.D.1992); *O'Neil*, 326 N.W.2d at 882. We review disciplinary proceedings against

attorneys *de novo* and the standard of proof required is clear and convincing evidence. *Matter of Ellis*, 439 N.W.2d 808, 809 (N.D.1989); *Matter of Maragos*, 285 N.W.2d 541, 546 (N.D.1979). However, we also give due weight to the findings and recommendations of the hearing panel. *Disciplinary Action Against Larson*, 450 N.W.2d 771, 774 (N.D.1990). Each disciplinary case must be reviewed upon its own facts to determine what discipline is warranted. *Id.*

▮ Jones failed to keep the Clemenses adequately informed of the progress of their incorporation, and failed to represent them; although, he had the ability to do so. The Clemenses endured hardship because his failure prohibited them from pursuing grant opportunities to support their videotape project. This conduct showed a lack of diligence on the part of Jones, and attorney misconduct. The hearing panel recommended that Jones be suspended.[4] We

does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

As to conduct that occurred after January 1, 1988, the panel found that Jones violated Rule 1.3. of the Rules of Professional Conduct, which states:

A lawyer shall act with reasonable diligence and promptness in representing a client.

3. Rule 1.1 NDPRLDD states in part:

A. *Jurisdiction.* Procedural rules for lawyer disability and discipline are hereby adopted and promulgated. Pursuant to Article VI, Section 3 of the North Dakota Constitution, this court has authority within this state for the development and administration of a system for lawyer disability and discipline, and, accordingly, this court has power to prescribe appropriate standards of professional conduct and to establish procedures for lawyer disability and discipline.

B. *Policy.* Each member of the Bar of North Dakota has taken an oath to support the Constitution and laws of the state and of

the United States. As an officer of the North Dakota Supreme Court, each lawyer is charged with obedience to those laws, whether in or out of court, and observance of the highest standards of professional conduct. These rules are promulgated to assure compliance with those standards of conduct.

C. *Lawyers.* Any lawyer admitted to practice law in this state (including any formerly admitted lawyer with respect to acts committed prior to suspension, disbarment or transfer to any disability status, or with respect to acts subsequent thereto which amount to the practice of law or which constitute misconduct subject to sanctions), and any lawyer specially admitted by a court of this state for a particular proceeding, and any lawyer not admitted in this state who practices law or renders legal services in this state is subject to the disability and disciplinary jurisdiction of this court under these rules.

4. NDSILS 4.4 states:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:

\* \* \* \* \* \*

4.42 Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

note that Jones has been issued two private reprimands for similar conduct,[5] and has presented no mitigating factors in this case. *See* NDSILS 9.3.

The question of implementing the suspension in the case of a lawyer not presently licensed in this state presents some special concerns. Do we implement a suspension that continues until compliance with the payment obligations imposed,[6] or do we defer suspension until future licensing may occur?

IT IS ORDERED that Loren D. Jones be suspended from the practice of law for a period of thirty days, effective upon the date of his relicensing in this state, for neglecting legal matters entrusted to him; failing to seek lawful objectives of his clients through reasonable means; failing to carry out a contract of employment; prejudicing his clients during the course of their professional relationship; and, failing to act with reasonable diligence and promptness when representing a client.

IT IS FURTHER ORDERED that Loren D. Jones be assessed the fees, costs, and expenses of this proceeding in an amount to be determined by the Disciplinary Board, including $170.85 payable to Howard and Evelyn Clemens for attorney fees incurred to conclude this matter.

ERICKSTAD, C.J., and JOHNSON, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

**5.** NDSILS 8.0 states:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving prior discipline.

\* \* \* \* \* \*

8.2 Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in

further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

**6.** NDPRLDD 4.5 addresses reinstatement of a lawyer after a short suspension:

B. *Short Suspension.* A lawyer suspended for six months or less may resume practice at the end of the period of suspension by filing with the court and serving upon counsel an affidavit stating that the lawyer has fully complied with the requirements of the suspension order, and has paid all required fees, costs and expenses.