**In the Matter of the Application for DISCIPLINARY ACTION AGAINST De-Layne G. NASSIF, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SUPREME COURT of the State of North Dakota, Petitioner,**

v.

**DeLayne G. NASSIF, Respondent.**

**Civ. No. 920374.**

Supreme Court of North Dakota.

Aug. 10, 1993.

Vivian E. Berg (argued), Disciplinary Counsel, Bismarck, for petitioner.

Alan J. Sheppard (argued), Fargo, for respondent.

---

PER CURIAM.

The Disciplinary Board recommends a public reprimand of DeLayne G. Nassif for lack of competence and diligence in representing a client. We order that Nassif be publicly reprimanded, that he pass the Multistate Professional Responsibility Examination, and that he pay the costs of this process.

Nassif became a member of the North Dakota Bar in 1964. Philomene E. Johnson was injured in February 1983 when she slipped, fell and injured her ankle on a sidewalk outside a Fargo bakery. In 1984, Johnson, then of Fargo, North Dakota, and later of Spokane, Washington, retained Nassif to represent her on the claim. Nassif and Johnson orally agreed to a one-third contingent fee,[1] and Johnson periodically paid Nassif sums totalling $50 as a "retainer."

Nassif also represented Johnson and her children in a number of juvenile cases, for which Johnson paid him some $200 in fees. Some added payment to Nassif for this work was apparently expected from a recovery on the slip-and-fall claim.

Around 1989, Johnson and Nassif met at a Fargo restaurant with a representative of an insurance company for the bakery to discuss settlement of the claim. Nassif claims that the bakery sent an adjustor for the wrong insurance company.

Afterwards, Johnson occasionally contacted Nassif about the claim, by telephone from Washington and by a Christmas card that gave her new address. Nassif often told Johnson that he was ill and to call him later, or "I'll let you know." Nassif uses Johnson's absence from North Dakota and lack of a telephone as excuses for his lack of progress.

In June 1990, Johnson was in North Dakota and approached another attorney to represent her. Johnson then contacted Nassif, seeking to change representation for her claim. Johnson says that Nassif insisted that, because he was still entitled to "my share of the money," he would continue to handle Johnson's claim. In February 1991, he told Johnson that she would be receiving a settlement from the insurance company, but she never did.

Johnson complained. After a formal disciplinary petition in March 1992, a three-person panel, designated by the Disciplinary Board, held a hearing on the complaint. The panel found:

> Nassif was neglectful and was not diligent in the handling of his representation of Johnson. As a result, the statute of limitations may have run and may bar her claim as a matter of law. He did not properly prepare and adequately represent her. Nassif was uncertain as to the date of Johnson's accident. Nassif maintained little, if any, file and failed to keep Johnson advised as to the status of her claim.

The panel concluded that Nassif violated the Code of Professional Responsibility, in effect before January 1, 1988:

(A) A lawyer shall not:

. . . .

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him.

---

1. Since January 1, 1988, the North Dakota Rules of Professional Conduct have required that a contingent fee agreement be in writing. NDRPC 1.5(c) (part) says:

    A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited.... A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

    The Disciplinary Board does not claim a violation of this rule that went into effect during Nassif's representation of Johnson.

DR 6–101. The panel also concluded that Nassif violated the current rules of professional conduct, NDRPC 1.1,[2] 1.3,[3] and 1.4 [4], that govern competence, diligence and promptness, and client information. The panel recommended that Nassif pay $512 costs and be publicly reprimanded.

Nassif contested that sanction but offered to consent to a private reprimand. The Disciplinary Board adopted the findings of the panel and submitted the recommendation for a public reprimand to this court for disciplinary action.

■ Nassif now concedes the bar of the statute of limitation. Still, without any evidence, he continues to insist that Johnson did not retain him until 1988. Nassif's lack of a file leaves him unable to dispute Johnson's testimony about when her injury happened and when she retained him. Instead, seeking to exploit an obvious printing error in publication of the North Dakota Standards For Imposing Lawyer Sanctions (NDSILS), Nassif urges that there is an absence of "a discernible standard difference between [a] private reprimand and [a] public reprimand" for lack of diligence, and that the Disciplinary Board failed to consider mitigating circumstances.

NDSILS 3.0 directs that, "[i]n imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." NDSILS 4.43 says:

Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

NDSILS 4.44 reads:

Admonition is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.[5]

For lack of diligence, either of these two related standards could apply here, depending on the extent of the injury.

For incompetent work, alternative sanctions also depend on the extent of the injury. NDSILS 4.53 says:

Reprimand is generally appropriate when a lawyer:

(a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or

(b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client.

NDSILS 4.54 reads:

Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence in determining whether he or she is competent to handle a legal matter, and causes little or no actual or potential injury to a client.

For sanctions, "reprimand" means "public reprimand," while "admonition" denotes "private reprimand." NDSILS 2.4 and 2.5.

---

**2.** NDRPC 1.1 says:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, *thoroughness and preparation reasonably necessary* for the representation.
(emphasis supplied).

**3.** NDRPC 1.3 says:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**4.** NDRPC 1.4 says:

(a) A lawyer shall make reasonable efforts to keep a client reasonably informed about the status of a matter. A lawyer shall promptly comply with a client's reasonable requests for information.
(b) A lawyer shall explain matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions.

**5.** An error during transmission of the text of NDSILS 4.44 to the publishers resulted in identical wording of NDSILS 4.43 and 4.44 in the current edition of NDCC Court Rules Annotated at 1015 (1992–93). *See also* North Dakota Court Rules at 789 (West 1992). The correct wording for NDSILS 4.44, as originally adopted by this court, is used in this opinion. The misprints will be corrected in future publications of the rules.

The question here is whether the extent of the injury to Johnson calls for a sanction more serious than a private reprimand.

For sanctions, NDSILS Definitions say that "injury" means

harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from "serious" injury to "little or no" injury; a reference to "injury" alone indicates any level of injury greater than "little or no" injury.

NDCC Court Rules Annotated at 1010 (1992–1993). Because Johnson's claim is now barred, she has clearly been harmed by Nassif's lack of competence and diligence. That is a serious injury.

■ Nassif argues that "disturbing is the inference that the standards are the same for lack of diligence and lack of competence. It must be made clear that 4.54 directs admonition when there is 'an *isolated* instance of negligence in determining whether he or she is competent to handle a legal matter....' (emphasis added)." Nassif does not comprehend the injury. Where serious injury results, even a single instance of incompetence and inattention may call for a sanction greater than a private reprimand.

Competent representation requires the "thoroughness and preparation reasonably necessary for the representation." NDRPC 1.1. Nassif was unaware of the date of Johnson's injury and unprepared to press her claim. He maintained "little, if any, file...." Unless he was willing and able to devote the time and attention reasonably necessary for her claim, Nassif should have declined to handle it or should have allowed another lawyer to do so. His poor performance injured his client by barring her claim without a chance for judicial determination of its merit. Accordingly, the lesser sanction for "little or no" injury does not apply.

■ The applicable sanction is described in NDSILS 4.43 and 4.53 for Nassif's failure to "act with reasonable diligence" and his "failure to understand relevant legal doctrines or procedures" when injury to the client results. Disciplinary counsel asked Nassif to explain the theory of estoppel that he advanced to dispute the barring of Johnson's claim:

Q. And how would that apply?

A. Well, simply that we had done our best to communicate and to relate to them and to settle it, and for their rebuffing us or ignoring us, it had—if we had gone over the statute of limitations, if we had, then we could—if they raised to the Bar of the statute of limitations, then we could also say that we had relied on their action. That's—at least that was my law school concept.

Nassif marshalled no facts that would avoid the bar of the statute of limitation by an estoppel. Estoppel will toll the statute only when the claimant is affirmatively induced to delay timely suit. 51 Am Jur 2d *Limitation of Actions* § 438 et seq. (1970). An understanding of this doctrine is basic to handling a personal-injury claim.

The Disciplinary Board did not identify factors in aggravation or mitigation of Nassif's misconduct, although the procedural rules for lawyer discipline require it. "Mitigating or aggravating circumstances which affect the nature or degree of discipline to be imposed ... shall be fully set forth in [the Disciplinary Board's] report." NDPRLDD 3.1(F). Nassif argues that his "client's lack of telephone, numerous moves, and volume of other work performed for the client" should have been considered in mitigation. But these circumstances do not justify Nassif's failure to document the time, place, and cause of his client's injury; his failure to keep a record of his efforts to negotiate with the bakery and its insurer; or his total failure to attempt to write his client about her claim.

On the other hand, under NDSILS 9.22(a), (g), and (i), "prior disciplinary offenses," "refusal to acknowledge wrongful nature of conduct," and "substantial experience in the practice of law" aggravate a lawyer's misconduct. All three are apparent here.

Nassif asserts that the record lacks "any evidence as to what [his] prior private admonition was about." The record shows that Nassif was privately reprimanded in 1988 for a violation that he "did not represent [another] complainant competently or zealously and charged excessive fees." Nassif implies that a single previous reprimand is inconsequential. The standard under NDSILS 9.32(a) is *"absence* of a prior disciplinary record." (our emphasis). Because Nassif's previous reprimand was also for incompetence and inattention, this pattern is an aggravating factor.

Given Nassif's unawareness of the date of Johnson's injury, his obliviousness to the statute of limitation, and his lack of communication with her, Nassif plainly refuses to face his shortcomings. This too is an aggravating factor.

As a practicing attorney for almost 30 years, Nassif has had "substantial experience in the practice of law." Maintenance of an adequate file, awareness of relevant law, and reasonable efforts to contact a client are expected qualities of an experienced lawyer, but are not evident in Nassif in this case.

We order that DeLayne G. Nassif be publicly reprimanded. Under NDSILS 2.7(e),[6] we also order Nassif to achieve a score of at least 80 on the Multistate Professional Responsibility Examination (MPRE)[7], to evidence his understanding of the Model Rules of Professional Conduct. He must certify compliance to the Disciplinary Board by July 31, 1994. The Board's notification to this court of Nassif's failure will result in automatic and indefinite suspension of Nassif's license·to practice law in this State. We further order Nassif to pay the $512 costs for this proceeding.

---

**6.** NDSILS 2.7 authorizes other sanctions and remedies besides disbarment, suspension, probation, and reprimand:

Other sanctions and remedies which may be imposed include:
(a) restitution,
(b) assessment of costs,
(c) limitation upon practice,
(d) appointment of a receiver,
(e) requirement that the lawyer take the bar examination or professional responsibility examination,

(f) requirement that the lawyer attend continuing education courses, and
(g) other requirements that the state's highest court or disciplinary board deems consistent with the purposes of lawyer sanctions.

**7.** The North Dakota State Bar Board has established 80 as the minimum passing MPRE score *for purposes of admission to practice law in this* State.