**In the Matter of the Application for DISCIPLINARY ACTION AGAINST DeLayne G. NASSIF, A member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD, Petitioner**

v.

**DeLayne G. NASSIF, Respondent.**

**Civil Nos. 950399–400, 950403.**

Supreme Court of North Dakota.

May 14, 1996.

Vivian E. Berg (argued), Disciplinary Counsel, Bismarck, for petitioner.

DeLayne G. Nassif, Fargo, pro se.

PER CURIAM.

This is a disciplinary proceeding against DeLayne G. Nassif, an attorney licensed to practice law in North Dakota. In separate proceedings involving multiple complaints, two hearing panels of the Disciplinary Board found that Nassif had committed numerous acts of professional misconduct and recommended disbarment. The Board adopted the findings and recommendations of the hearing panels and, pursuant to Rule 3.1(F) of the North Dakota Procedural Rules for Lawyer Disability and Discipline and Rule 3.1(G) of the North Dakota Rules for Lawyer Discipline,[1] submitted reports and recommendations of disbarment to this court. We direct that Nassif be disbarred, that he be ordered to pay restitution, and that he pay the costs of these proceedings.

We review attorney disciplinary proceedings *de novo* under a clear and convincing standard of proof. *In re Rau,* 533 N.W.2d 691, 692 (N.D.1995); and *In re Dosch,* 527 N.W.2d 270, 272 (N.D.1995). We accord due weight to the findings, conclusions, and recommendations of the hearing panel as adopted by the Board. *In re Rau, supra,* 533 N.W.2d at 692; and *In re Dosch, supra,* 527 N.W.2d at 272. Each disciplinary case must be reviewed upon its own facts to determine what discipline is warranted. *In re Jones,* 487 N.W.2d 599, 601 (N.D.1992).

Nassif is currently under suspension as a result of a prior disciplinary proceeding arising out of his negligent and incompetent handling of a client's tort case. *See In re Nassif,* 504 N.W.2d 311 (N.D.1993). In that

---

1. Effective January 1, 1995, the North Dakota Procedural Rules for Lawyer Disability and Discipline were replaced by the North Dakota Rules for Lawyer Discipline. One of the petitions for discipline was filed before January 1, 1995, under the Procedural Rules, and the other petition was filed after January 1, 1995, under the Rules for Lawyer Discipline.

case, Nassif missed a statute of limitations, failed to maintain a file, and did not keep the client advised of the status of her claim. We issued a public reprimand and ordered Nassif to pay costs. We also ordered that Nassif take and pass the Multistate Professional Responsibility Examination [MPRE] by July 31, 1994, or be subject to automatic suspension of his license. Nassif failed the MPRE in March 1994 and he was suspended effective August 1, 1994. Nassif subsequently passed the MPRE in August 1994. He remains under suspension, however, for failure to pay the costs ordered in that disciplinary action.

█ The record in the current disciplinary proceedings demonstrates a continuing pattern of gross incompetence, neglect of client matters, negligent supervision of office staff, failure to maintain adequate records, and mishandling and conversion of client funds.

There are numerous examples of Nassif's incompetence. In one instance, he missed statutes of limitations, costing his client the opportunity to litigate claims. In another case, he brought an action on behalf of a client and, when the other party did not answer, Nassif failed to secure a default judgment. Nassif allowed the matter to languish for nearly three years. When Nassif failed to respond to a Notice of Intent to Dismiss from the trial court, the action was dismissed for failure to prosecute. Nassif then filed an untimely appeal from a nonappealable order in the case. The hearing panel also noted Nassif's ineptitude in handling his own defense in these disciplinary proceedings. In this court, faced with disbarment, Nassif failed to file a brief, waived oral argument, and attempted to supplement the record with his own unsworn statements of facts. We concur with the hearing panel's finding that the record "demonstrate[s] that Nassif does not understand the most fundamental legal doctrines and procedures."

Nassif also neglected client matters. He accepted retainers to perform legal work and, after failing to perform the work, did not refund the money. Nassif kept inadequate files on client matters. In one instance, affidavits crucial to a client's criminal action were lost or misplaced.

The record demonstrates an unacceptable lack of supervision by Nassif of his office staff. Nassif allowed untrained "paralegals," whom he deemed to be independent contractors and not his employees, to, in effect, practice law under his license. These paralegals were allowed to recruit and advise clients, negotiate fee agreements with clients, and perform legal work for clients, with little or no supervision by Nassif. One of these paralegals was held out to a client as a licensed attorney practicing with Nassif. Nassif routinely split fees with the non-lawyer paralegals, and candidly admitted cashing a retainer check from a client and giving half of the cash to his paralegal. Nassif testified he considered this a "common sense formula" for compensation for work done.

Nassif also mishandled and converted client funds. Nassif's financial recordkeeping was virtually nonexistent. He had no trust account for client funds, kept inadequate or no records of receipt of client funds, and commingled client funds in his general office account. He kept inadequate records of client billings, and allowed his office staff to handle financial transactions, including receipt and expenditure of client funds, with no supervision. He converted client funds, kept unearned fees, and failed to refund those fees to clients. Nassif also entered into oral contingent fee agreements with clients.

The hearing panel concluded, and we concur, that Nassif's conduct violated the following provisions of the North Dakota Rules of Professional Conduct: Rule 1.1, NDRPC, which requires that a lawyer provide competent representation; Rule 1.3, NDRPC, which requires that a lawyer act with reasonable diligence and promptness in representing clients; Rule 1.5, NDRPC, which requires that a lawyer's fee be reasonable, that the basis, rate, and amount of the fee be communicated to the client, and that a contingent fee agreement be in writing; Rule 1.15, NDRPC, which requires that client funds be deposited in a trust account and not commingled with other funds, that complete records be kept of client funds, and that the lawyer promptly deliver funds to the client and provide an accounting; Rule 5.3, NDRPC, which requires a lawyer to properly

544

supervise non-lawyer assistants to ensure compliance with ethical obligations; Rule 5.4, NDRPC, which prohibits a lawyer from sharing fees with a non-lawyer; and Rule 5.5, NDRPC, which prohibits a lawyer from assisting a non-lawyer in the unauthorized practice of law.

In determining the appropriate sanctions for violations of the Rules of Professional Conduct, we are guided by the North Dakota Standards for Imposing Lawyer Sanctions [NDSILS]. *See, e.g., In re Bailey,* 527 N.W.2d 274, 277 (N.D.1995); and *In re Becker,* 504 N.W.2d 303, 304 (N.D.1993). Standard 4.11, NDSILS, provides that disbarment is generally appropriate when a lawyer knowingly converts client property. *See also In re Dosch, supra,* 527 N.W.2d at 273 ("A lawyer's conversion of a client's funds to his own use is impossible to condone and is one of the least excusable acts of misconduct for which a lawyer can be disciplined."); and *In re Lashkowitz,* 502 N.W.2d 502, 504 (N.D.1993) (same). Standard 4.41, NDSILS, provides that disbarment is generally appropriate when the lawyer knowingly fails to perform services for a client, or engages in a pattern of neglect of client matters, thereby causing serious or potentially serious injury to a client. Standard 4.51, NDSILS, provides that disbarment is generally appropriate when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures. Standard 7.1, NDSILS, provides that disbarment is generally appropriate when the lawyer knowingly engages in conduct in violation of a duty owed to the profession with the intent to obtain a benefit. Nassif's assistance in the unauthorized practice of law by his office staff, and sharing in fees generated therefrom, violated a duty owed to the profession with intent to obtain personal benefit.

We are also compelled to consider aggravating and mitigating circumstances in determining the appropriate sanction. *See* Standard 9.1, NDSILS; Rule 1.3(C), NDRLD; *In re Dosch, supra,* 527 N.W.2d at 273. In mitigation, Nassif asserted that he suffers from ill health and receives Social Security disability payments. *See* Standard 9.32(h), NDSILS. The exact nature of Nas-

sif's illness and disability was not disclosed at the hearing. Nor was there any showing how this illness and disability affected Nassif's ability to comply with the Rules of Professional Conduct. The hearing panel found as aggravating circumstances Nassif's two prior disciplinary offenses, a pattern of misconduct, multiple offenses, refusal to acknowledge his wrongful conduct, and vulnerability of one of his victims. *See* Standard 9.22(a), (c), (d), (g), and (h), NDSILS.

We are particularly concerned that Nassif's conduct, as evidenced in this record and Nassif's prior disciplinary history, demonstrates a clear, continuing pattern of gross incompetence, unacceptable office practices, inadequate recordkeeping, and mishandling and conversion of client funds. The primary purpose of the disciplinary process is to protect the public. *See* Standard 1.1, NDSILS; *In re Rau, supra,* 533 N.W.2d at 695; and *In re Larson,* 485 N.W.2d 345, 351 (N.D.1992). We conclude that protection of the public requires Nassif's disbarment.

We order that DeLayne G. Nassif be disbarred. Nassif is ordered to pay the costs of these proceedings in the amount of $6,854.35. Nassif is also ordered to pay restitution to Kathleen Anderson in the amount of $500, and to Joe Marek in the amount of $600.

VANDE WALLE, C.J., and MARING, NEUMANN, SANDSTROM and MESCHKE, JJ., concur.