718 N.W.2d 6 (2006)
2006 ND 148
In the Matter of the Application for DISCIPLINARY ACTION AGAINST John T. KORSMO, a Person Admitted to the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner
v.
John T. Korsmo, Respondent.
No. 20060054.
Supreme Court of North Dakota.
June 30, 2006.
Paul W. Jacobson (on brief), Disciplinary Counsel, Bismarck, ND, for petitioner.
John T. Korsmo (on brief), pro se, Washington, DC, respondent.
PER CURIAM.
[¶ 1] John Korsmo objects to the length of suspension recommended by a hearing panel of the Disciplinary Board. The hearing panel recommended that Korsmo be suspended from the practice of law for two years from the time he seeks relicensure. We adopt the hearing panel's recommendations that Korsmo be suspended and that he pay the costs and expenses associated with the disciplinary proceeding. We reject the hearing panel's *7 recommendation on the time period for suspension. We order Korsmo be precluded from applying to practice law in this State until July 1, 2007, and we order him to pay costs and expenses for the disciplinary proceeding in the amount of $435.00.

I
[¶ 2] The facts of this case were stipulated to by the parties and accepted by the hearing panel. Korsmo was admitted to practice law in North Dakota on October 10, 1979. He has not been licensed to practice law in North Dakota since December 31, 2001. On August 3, 2005, an interim suspension was ordered under N.D.R. Lawyer Discipl. 4.1(C) and (D) after Korsmo pled guilty and was convicted for the felony of making false and fictitious statements in violation of 18 U.S.C. § 1001(a)(2). Disciplinary Bd. v. Korsmo, 2005 ND 148, ¶ 1, 703 N.W.2d 305. The criminal case arose after Korsmo made a false statement in response to two letters he received from Senator Paul Sarbanes in October 2002. At the time, Korsmo was serving as chairman of the Federal Housing Finance Board ("FHFB"). Korsmo was asked by Senator Sarbanes whether Korsmo or any member of the FHFB staff knew or had reason to believe that "officials of any Home Loan Banks or its member institutions would be solicited using the invitations on which your name appeared as a `special guest'?" Korsmo was also asked: "Did you or FHFB staff provide any contact information for Home Loan Bank executives or its members to the Clayburgh campaign or any of its representatives?"
[¶ 3] Korsmo falsely responded: "I do not know how the (Clayburgh) campaign or the event's hosts obtained contact information for the Home Loan Bank executives who were invited." Korsmo was interviewed by an agent from the FHFB Office of the Inspector General and an agent with the Federal Bureau of Investigation on April 1, 2003. During the interview, Korsmo falsely stated that he had no knowledge until December 2002 that his spouse forwarded the lists to anyone. The actual organizing of the fundraiser and supplying of names for the invitation list, which the false statements related to, is allowed under the Hatch Act. The criminal conduct occurred from making the false statements. Korsmo pled guilty and was sentenced to eighteen months probation in the United States District Court, District of Columbia.
[¶ 4] The hearing panel concluded that Korsmo's "lie was not done to cover underlying illegal conduct; however, it would appear that the lie was to protect the respondent and/or others from unwanted public criticism or publicity. The significant benefit to respondent and/or others was that attempted protection." Due to mitigating factors, the hearing panel did not recommend disbarment, but recommended suspending Korsmo from the practice of law for two years from the time he seeks relicensure, and requiring him to pay $435.00 in costs for the proceeding.
[¶ 5] Korsmo filed a written objection to the hearing panel's recommendation asking that the appropriate discipline in his case would be to limit his ability to apply to be licensed during the period of his unsupervised probation which runs until January 11, 2007. Korsmo stated he does not plan to seek reinstatement of his license in the future. He does not object to the hearing panel's findings, nor does he contest that his conviction was for a criminal act that "reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer" under Rule 1.2(A)(2), N.D.R. Lawyer Discipl. The only issue in this appeal is the length of Korsmo's suspension.

*8 II
[¶ 6] The primary purpose of the disciplinary process is not to penalize the accused, but to protect the public and the integrity of the profession. Disciplinary Bd. v. Nassif, 547 N.W.2d 541, 544 (N.D.1996). This Court reviews disciplinary proceedings "de novo on the record." Disciplinary Bd. v. Ward, 2005 ND 144, ¶ 6, 701 N.W.2d 873. Due weight is given to "the findings, conclusions, and recommendations of the hearing panel," but this Court does not automatically accept the recommendations. Id. Disciplinary counsel must prove each alleged violation by clear and convincing evidence. Id. A disciplinary case is considered on its own facts to determine what discipline is needed. Id.
[¶ 7] Korsmo objects to the hearing panel's reliance on Standards 5.21 and 5.11, N.D. Stds. Imposing Lawyer Sanctions. Standard 5.21 states:
Disbarment is generally appropriate when a lawyer in an official or governmental position knowingly misuses the position with the intent to obtain a significant benefit or advantage for himself or another, or with the intent to cause serious or potentially serious injury to a party or to the integrity of the legal process.
Standard 5.11 states:
Disbarment is generally appropriate when:
(a) a lawyer engages in serious conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
[¶ 8] While the hearing panel looked to Standards 5.11 and 5.21 for guidance, the hearing panel rejected the sanction of disbarment and instead recommended a two-year suspension based on the sanction this Court imposed in Disciplinary Bd. v. Kaiser, 484 N.W.2d 102, 109 (N.D.1992) (imposing two-year suspension for falsely testifying under oath twice). We agree with the hearing panel that disbarment is inappropriate in light of the significant mitigating factors in this case. Korsmo made a timely good faith effort to rectify the consequences of his misconduct. N.D. Stds. Imposing Lawyer Sanctions 9.32(d). Korsmo's good character and reputation has been established based on the numerous letters of recommendation in this record. Id. at 9.32(g). Finally, Korsmo has no prior disciplinary record and was cooperative in the disciplinary process. Id. at 9.32(a) and (e). Concluding disbarment is an inappropriate sanction, we look to the appropriate length of suspension in light of previous cases that have dealt with a similar factual scenario.
[¶ 9] The hearing panel, relying on Kaiser, 484 N.W.2d at 102, recommended a suspension for two years from the date he seeks relicensure. Korsmo argues Kaiser is factually distinguishable and that the suspension given by the hearing panel is excessive. Korsmo believes an appropriate discipline would be to suspend his ability to practice law in North Dakota until the period of his unsupervised probation in the underlying criminal conviction ends on January 11, 2007. We disagree with both approaches. We conclude Korsmo should *9 be precluded from applying to be licensed to practice law until July 1, 2007.
[¶ 10] The facts in Kaiser are similar to the facts in this case. However, we believe Kaiser's conduct was more egregious than Korsmo's conduct in this case. Kaiser involved an attorney who lied under oath in open court on two separate instances. Kaiser, 484 N.W.2d at 103. The Special MasterHonorable Norman J. Backesfound Kaiser made a "false statement concerning material information with the intent to deceive the court." Id. at 105. The false testimony directly related to issues decided by the trial court and subsequently appealed to this Court. Id. at 109 (citing cases involving Kaiser that "imposed greatly on judicial resources," see, e.g., Hunt Trust Estate v. Kiker, 269 N.W.2d 377 (N.D.1978); Serhienko v. Kiker, 392 N.W.2d 808 (N.D.1986); Kaiser v. Kaiser, 474 N.W.2d 63 (N.D.1991); Kiker v. Walters, 482 N.W.2d 626 (N.D.1992)). A public reprimand was proposed as a sanction by the disciplinary board, but this Court rejected the sanction concluding a two-year suspension was a more fitting sanction. Id. at 109. This Court determined neither the disciplinary board nor Kaiser appreciated the magnitude of the offense because: "Truth and candor are synonymous with justice, and honesty is an implicit characteristic of the legal profession.... We believe that any intentionally false statement by an attorney while testifying under oath, whether material or not, is an extremely serious breach of professional ethics." Id. at 108 (emphasis in original).
[¶ 11] Kaiser lied twice under oath in open court and received, in the short term, a substantial benefit to himself. Korsmo's lie, while inappropriate and certainly worthy of discipline, was not given under oath, nor is it conclusively apparent that Korsmo received a substantial benefit to himself. We believe under the circumstances of this case, Korsmo's conduct was less egregious and a lesser suspension should be imposed.
[¶ 12] We would be remiss if we did not comment on the inappropriate plea to this Court's knowledge of Korsmo's character other than as contained in this record. Korsmo's "Objection to Report of Hearing Panel" stated:
I respectfully ask whether any member of this Court can say, based on what he or she knows or has heard about me over the past twenty-five years, that he or she believes that, in response to a clearly-politically motivated, election-year "investigation" ... I would lie to protect myself "from unwanted public criticism or publicity?"
Such an appeal is inappropriate and has not been considered in mitigation by this Court.

III
[¶ 13] We conclude Korsmo should be suspended. We order he be precluded from applying to practice law until July 1, 2007, and he pay $435.00 in costs for the disciplinary proceeding.
[¶ 14] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, J., and BENNY A. GRAFF and WILLIAM F. HODNY, Surrogate Judges, and THOMAS J. SCHNEIDER, D.J., concur.
[¶ 15] The Honorable BENNY A. GRAFF, Surrogate Judge, the Honorable WILLIAM F. HODNY, Surrogate Judge, and the Honorable THOMAS J. SCHNEIDER, D.J., sitting in place of MARING, CROTHERS, and SANDSTROM, JJ., disqualified.