2011 ND 8

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST WILLIAM KIRSCHNER, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**William Kirschner, Respondent.**

**Nos. 20100250, 20100251.**

Supreme Court of North Dakota.

Jan. 12, 2011.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, N.D., for petitioner.

William Kirschner, self-represented, Fargo, N.D., respondent.

PER CURIAM.

[¶ 1] Attorney William Kirschner objects to a report of a hearing panel of the Disciplinary Board recommending he be suspended from the practice of law for thirty days for violating N.D.R. Prof. Conduct 3.4(c) and 3.5(d) and he pay $3,659.36 in costs of the disciplinary proceeding. We conclude there is clear and convincing evidence Kirschner violated N.D.R. Prof. Conduct 3.4(c) and 3.5(d), and we reprimand Kirschner for his misconduct and order him to pay costs of the disciplinary proceeding.

I

[¶ 2] Kirschner was admitted to practice law in North Dakota in December 1980. Sometime before June 2008, he began representing both parents in a deprivation action that culminated in a petition to terminate their parental rights. In September 2008, Kirschner requested a continuance of a scheduled October 2008, trial in the termination action, claiming the State had not yet complied with his discovery requests and the trial was scheduled for Yom Kippur, when Kirschner would not be working. The State did not object to Kirschner's request, and a judicial referee rescheduled the trial for January 20 through January 23, 2009. The referee's order includes a September 26, 2008, affidavit of service by mail on Kirschner.

[¶ 3] Kirschner claimed the rescheduled trial was not placed on his electronic or paper office calendar, and he admitted responsibility for that error. Before learning of the rescheduled trial date, however, Kirschner purchased non-refundable airline tickets to visit and resolve various business and health matters for his elderly father in Florida during the dates of the rescheduled trial, and when he learned of the conflict, he moved on December 4, 2008, for a continuance. Kirschner also maintained his daughter had medical appointments at Mayo Clinic the first week of January 2009, which required his attendance. Kirschner further asserted the State had not responded to his discovery requests until December 22, 2008, and those belated responses were inadequate.

[¶ 4] At a December 23, 2008, hearing on Kirschner's motion for a continuance, the State noted the matter was significant to the children, but did not "strong[ly] object[ ]" to a continuance. A judicial referee denied Kirschner's motion, however, stating there had been one continuance already and scheduling enough days for the trial was problematic. At the conclusion of the hearing, Kirschner stated, "Well, I won't be able to be here, Your Honor. I will be out of the state in the other side of the country." The referee responded:

That will be your choice, Mr. Kirschner, as to how you wish to proceed. But, the Court does not find that the reasons given are particularly compelling. Specifically, it does look like notice was appropriately served on your office, sir. You do have at least a month to prepare for this matter. The Court does find that sufficient time. The Court also finds that you will have some time to spend with you family, and your father as well. And, how you choose to deal with your free time is up to you, sir. But, the Court does deny the request for continuance.

[¶ 5] Kirschner requested district court review of the referee's decision under *N.D. Admin. R. 13*, and the district court af-

firmed and adopted the referee's order on January 8, 2009, which Kirschner claims he learned about while preparing to travel to Florida. The district court explained it was of "the opinion that a reviewing Court would not determine [the referee] acted arbitrarily, unreasonably, or capriciously in denying [Kirschner's] request for a continuance," and "[u]pon de novo review of the record, the Court does not find good cause shown for a continuance."

[¶ 6] On January 20, 2009, the State, its witnesses, and Kirschner's clients appeared at the scheduled trial, but Kirschner did not appear. According to Kirschner, he took his daughter to Mayo Clinic from January 4 through January 8, 2009, and he was with his father in Florida from January 9 through January 23, 2009. According to a social worker, the parents had informed the social worker that Kirschner would not be present for trial and another lawyer would appear to advise the court about the situation. Kirschner had contacted attorney Tim McLarnan to attend the first day of trial to renew the request for a continuance, and McLarnan attended the trial as a "professional courtesy" to Kirschner. A referee denied the renewed motion for a continuance, but thereafter granted a continuance of the termination proceeding on its own motion, recognizing the parents' important interests in the termination proceeding and their lack of representation at the January trial.

[¶ 7] When Kirschner returned from Florida, he resumed representation of the parents and filed an additional motion to compel the State to answer his clients' interrogatories. A referee granted Kirschner's motion and ordered the State to provide complete answers to the interrogatories. Kirschner was present at his clients' trial in April and August 2009, and that proceeding was ultimately resolved

when Kirschner's clients agreed to termination of their parental rights after learning their children would be adopted by a family who had agreed to let the parents maintain contact with the children.

[¶ 8] Thereafter, a disciplinary complaint was filed against Kirschner, alleging his failure to appear at the January 2009, trial violated N.D.R. Prof. Conduct 1.3, lawyer shall act with reasonable diligence and promptness in representing client, N.D.R. Prof. Conduct 3.2, lawyer shall make reasonable efforts to expedite litigation consistent with the interests of client, N.D.R. Prof. Conduct 3.4(c), lawyer shall not knowingly disobey obligation under rules of a tribunal, and N.D.R. Prof. Conduct 3.5(d), lawyer shall not engage in conduct intended to disrupt tribunal. After a hearing before a three-person hearing panel, disciplinary counsel sought a sixty-day suspension and Kirschner requested dismissal of the petition. The hearing panel found Kirschner's failure to appear at the January 2009, trial violated N.D.R. Prof. Conduct 3.4(c) and 3.5(d). The hearing panel recommended Kirschner be suspended from the practice of law for thirty days and he pay $3,659.36 for costs of the disciplinary proceeding.

## II

[¶ 9] The primary purpose of disciplinary proceedings is not to punish or penalize a lawyer, but to protect the public and the integrity of the profession as well as to ascertain if the lawyer should be permitted to continue to practice law. *See In re Disciplinary Action Against Korsmo*, 2006 ND 148, ¶ 6, 718 N.W.2d 6; *Matter of Ellis*, 439 N.W.2d 808, 810–11 (N.D. 1989). We review disciplinary proceedings de novo on the record. *Disciplinary Bd. v. Kuhn*, 2010 ND 127, ¶ 12, 785 N.W.2d 195. "Disciplinary counsel must prove each alleged violation by clear and convinc-

ing evidence, which means the trier of fact must be reasonably satisfied with the facts the evidence tends to prove and thus be led to a firm belief or conviction." *Disciplinary Bd. v. Askew*, 2010 ND 7, ¶ 8, 776 N.W.2d 816. "We give due weight to the findings, conclusions, and recommendations of the Disciplinary Board, but we do not act as a mere rubber stamp for the Board." *Id.* "Each disciplinary matter must be considered on its own facts to decide which sanction, if any, is appropriate." *Disciplinary Bd. v. Buresh*, 2007 ND 8, ¶ 6, 726 N.W.2d 210.

### III

[¶ 10] Kirschner argues his conduct did not violate N.D.R. Prof. Conduct 3.4(c) and 3.5(d) and the hearing panel erred in failing to consider whether his conduct was justified or excused. He claims that in deciding whether his conduct violated those rules of professional conduct, the hearing panel should have considered his reasons for missing the scheduled trial and the reasonableness of the decision by the referee and the district court in denying his request for a continuance.

### A

■ [¶ 11] On several occasions, we have said that personal or emotional problems do not justify or excuse a lawyer's misconduct, but are mitigating factors that may reduce a disciplinary sanction against a lawyer. *Disciplinary Bd. v. LaQua*, 548 N.W.2d 372, 376 (N.D.1996); *Disciplinary Bd. v. Rau*, 533 N.W.2d 691, 694 (N.D. 1995); *Disciplinary Action Against Disselhorst*, 444 N.W.2d 334, 337–38 (N.D. 1989); *Ellis*, 439 N.W.2d at 810. Consistent with those authorities, we reject Kirschner's claim that his personal circumstances justified or excused his conduct for purposes of assessing whether that con-

duct violated the rules of professional conduct.

■ [¶ 12] Rule 3.4(c), N.D.R. Prof. Conduct, provides:

A lawyer shall not:

. . .

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

The record clearly and convincingly establishes Kirschner knew about the scheduled January 2009, trial and failed to appear. Kirschner nevertheless claims the referee and the district court unreasonably denied him a continuance for the January trial. The referee denied Kirschner's motion for a continuance, and the district court's decision on review includes some conflicting statements about the appropriate standard for a district court to review the referee's decision. *See In re B.F.*, 2009 ND 53, ¶¶ 9–16, 764 N.W.2d 170 (decided after district court decision in this case; explaining juvenile court judge's de novo review of referee's decision is not appellate review). The referee and the district court had authority to deny Kirschner's motion. *See* N.D.C.C. § 27–05–30; *N.D. Sup.Ct. Admin. R. 13.* Generally, parties, or their attorney, must obey an order as long as it remains in force or until it is reversed or modified on appeal. *See Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499. Although the circumstances supporting Kirschner's motion for a continuance appear compelling and denial of the motion may have been unreasonable, disciplinary proceedings nevertheless are not the appropriate forum to review that decision. *See Disciplinary Bd. v. McKechnie*, 2003 ND 22, ¶¶ 21–26, 656 N.W.2d 661 (rejecting use of disciplinary proceedings as substitute for malpractice action). We conclude the evidence clearly and convincingly establishes the scheduled

trial constituted a valid obligation under the rules of a tribunal and Kirschner's failure to appear at the scheduled trial violated N.D.R. Prof. Conduct 3.4(c).

■ [¶ 13] Rule 3.5(d), N.D.R. Prof. Conduct, provides:

A lawyer shall not:

. . .

(d) engage in conduct intended to disrupt a tribunal.

Courts have recognized that conduct need not occur inside a courtroom in order to disrupt a tribunal. *See In re Moore,* 665 N.E.2d 40, 42 (Ind.1996) (attorney hit opposing counsel during prehearing conference in judge's chambers; when events occurred, attorney was before tribunal and conduct intentionally disrupted tribunal). *See also In re Discipline of Stuhff,* 108 Nev. 629, 837 P.2d 853, 855 (1992) (attorney served judge with copy of judicial conduct complaint; conduct was not in court and intended to disrupt tribunal). Here, Kirschner failed to appear in court at a scheduled trial, and we conclude the evidence clearly and convincingly establishes Kirschner's conduct was calculated to disrupt a tribunal in violation of N.D.R. Prof. Conduct 3.5(d).

### B

■ [¶ 14] Kirschner nevertheless argues his misconduct does not warrant a suspension. He claims he should not be disciplined because he informed the referee that family obligations precluded him from appearing for the January trial, the State had not provided complete answers to his discovery requests and he would not have been prepared to try the case in January, the referee and the district court unreasonably denied his request for a continuance, and his clients ultimately were not harmed by his actions.

[¶ 15] The North Dakota Standards for Imposing Lawyer Sanctions are based on the American Bar Association *Standards for Imposing Lawyer Sanctions* (Feb. 1986), which "include[ ] detailed commentaries on each standard [and] should be reviewed in understanding and applying [North Dakota's] standards." N.D. Stds. Imposing Lawyer Sanctions, Note. The N.D. Stds. Imposing Lawyer Sanctions "establish a flexible and comprehensive model for imposing sanctions for lawyer misconduct" and "outline[ ] a 'theoretical framework' for imposing sanctions against lawyers who are guilty of professional misconduct." *Disciplinary Bd. v. Gray,* 544 N.W.2d 168, 171 (N.D.1996) (quoting A.B.A. *Standards for Imposing Lawyer Sanctions,* Commentary at pp. 5–6). Under that "theoretical framework" and *N.D. Stds. Imposing Lawyer Sanctions 3,* a court imposing sanctions against a lawyer should consider: (1) the ethical duty violated by the lawyer; (2) the lawyer's mental state; (3) the potential or actual injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors. *Gray,* at 171. *See* A.B.A. *Standards for Imposing Lawyer Sanctions,* Commentary at pp. 5–6. A court should consider the first three criteria to make an "initial determination" of the appropriate sanction and then consider any aggravating or mitigating factors to impose a specific sanction. A.B.A. *Standards for Imposing Lawyer Sanctions,* Commentary at p. 6; *Gray,* at 171–72.

[¶ 16] In determining the ethical duty violated by a lawyer, *N.D. Stds. Imposing Lawyer Sanctions 4–7* address duties owed to clients, the public, the legal system, and the profession. *See* A.B.A. *Standards for Imposing Lawyer Sanctions,* Commentary at pp. 5–6. Here, Kirschner's misconduct constituted violations of an ethical duty to the legal system. As relevant to this case, *N.D. Stds. Imposing Lawyer Sanctions 6.2* deals with sanctions

for failure to obey an obligation under the rules of a tribunal and provides:

*Abuse of the Legal Process.* Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving ... failure to obey any obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23 Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24 Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

Under those standards, the difference between a suspension and a reprimand generally is whether a lawyer *knows* he or she is violating a court order, or the lawyer *negligently* fails to comply with a court order.

[¶ 17] The record clearly and convincingly establishes that Kirschner knew he was violating a court order and that his absence would tend to disrupt proceedings before the tribunal. Under the framework for imposing sanctions, the "initial determination as to the appropriate sanction," or the presumptive sanction, would require a suspension under *N.D. Stds. Imposing Lawyer Sanctions 6.22*. However, we must also consider aggravating and mitigating factors to determine the appropriate sanction. A.B.A. *Standards for Imposing Lawyer Sanctions,* Commentary at pp. 5–6; *Gray,* 544 N.W.2d at 171–74.

[¶ 18] Aggravating circumstances are "any considerations or factors that may justify an increase in the degree of discipline to be imposed," while mitigating circumstances "are any considerations or factors that may justify a reduction in the degree of discipline to be imposed." *N.D. Stds. Imposing Lawyer Sanctions 9.21* and *9.31.*

[¶ 19] *Standard 9.22, N.D. Stds. Imposing Lawyer Discipline,* says aggravating factors include:

(a) prior disciplinary offenses;

(b) dishonest or selfish motive;

(c) a pattern of misconduct;

(d) multiple offenses;

(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g) refusal to acknowledge wrongful nature of conduct;

(h) vulnerability of victim;

(i) substantial experience in the practice of law;

(j) indifference to making restitution.

[¶ 20] *Standard 9.32, N.D. Stds. Imposing Lawyer Sanctions*, says mitigating factors include:

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical or mental disability or impairment;

(i) delay in disciplinary process which is prejudicial to the respondent;

(j) interim rehabilitation;

(k) imposition of other penalties or sanctions;

(*l*) remorse;

(m) remoteness of prior offenses.

[¶ 21] *Standard 9.4, N.D. Stds. Imposing Lawyer Sanctions*, identifies the following factors as neither aggravating nor mitigating factors:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction;

(f) failure of injured client to complain.

[¶ 22] In recommending a thirty-day suspension, the hearing panel said it considered Kirschner's substantial experience in the practice of law as an aggravating factor under *N.D. Stds. Imposing Lawyer Sanctions 9.22(i)* and his absence of a prior disciplinary record and character or reputation as mitigating factors under *N.D. Stds. Imposing Lawyer Sanctions 9.32(a) and (g)*. In considering that recommendation, we recognize that "[w]e decide each case on its own facts and, although we give due weight to the findings, conclusions, and recommendations of the Disciplinary Board, we do not automatically accept those findings." *Disciplinary Bd. v. Boulger*, 2001 ND 210, ¶ 5, 637 N.W.2d 710.

[¶ 23] *Standard 9.22(i), N.D. Stds. Imposing Lawyer Sanctions*, says substantial experience in the practice of law is an aggravating factor, but this Court has also said that mitigating circumstances may include a lawyer's many years in the practice of law with no prior disciplinary record or history of prior misconduct. *Boulger*, 2001 ND 210, ¶ 15, 637 N.W.2d 710. Here, Kirschner has substantial experience in the practice of law and, like the attorney in *Boulger*, there is no evidence Kirschner has a prior disciplinary record or history of misconduct, which, coupled with the hearing panel's findings about the absence of a prior disciplinary record and his character and reputation, diminishes any aggravating aspect attributable to his substantial experience in the practice of law.

[¶ 24] Disciplinary counsel also claimed Kirschner's misconduct constituted an aggravating selfish motive because he visited his father using non-refundable airline tickets after his request for a continuance was denied. However, the hearing panel did not find his misconduct had a selfish motive, which suggests the mitigating factor of the absence of a selfish motive under *N.D. Stds. Imposing Lawyer Sanctions 9.32(b)*. Moreover, Kirschner is a sole practitioner without an available associate

to cover scheduling conflicts on his behalf, and we decline to minimize his family responsibilities for his daughter and for his elderly father. Those family responsibilities clearly and convincingly establish a personal quandary for a father and a son and militate against a selfish motive.

[¶ 25] There is also evidence the State had not fully complied with Kirschner's discovery requests at the time of the scheduled January trial, and a referee thereafter compelled the State to provide complete answers to those requests. Those circumstances are not indicative of an adverse affect on Kirschner's clients, and there is evidence his clients had been informed of his predicament. The record also clearly and convincingly reflects Kirschner accepted responsibility for the initial scheduling error, made full disclosure during the disciplinary process, and has been cooperative and remorseful throughout these proceedings, which are mitigating factors under *N.D. Stds. Imposing Lawyer Sanctions 9.32(e) and (l )*.

[¶ 26] We do not condone Kirschner's misconduct in this case. However, we conclude there are several relevant mitigating factors not cited by the hearing panel, and after considering all the extenuating and mitigating circumstances in this case under our de novo review, we conclude a reprimand is a sufficient sanction for Kirschner's isolated instance of misconduct.

IV

[¶ 27] We order that Kirschner be reprimanded for his misconduct and direct that he pay the costs of the disciplinary proceeding in the amount of $3,659.36.

[¶ 28] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING,

DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.