In the Matter of the Application for DISCIPLINARY ACTION AGAINST Lorene Whitesides LARSON, A Member of the Bar of the State of North Dakota,

DISCIPLINARY BOARD, Petitioner,

v.

Lorene Whitesides LARSON, Respondent.

Civ. Nos. 930219 & 930220.

Supreme Court of North Dakota.

Feb. 23, 1994.

---

Vivian Elaine Berg, Disciplinary Counsel, Bismarck, for petitioner.

Fleming, DuBois & Trenbeath, Cavalier, for respondent; argued by Thomas L. Trenbeath.

PER CURIAM.

This is a disciplinary proceeding against Lorene Whitesides Larson, an attorney licensed to practice law in North Dakota since 1942. We order that Larson be disbarred for practicing law while under suspension.

In *Disciplinary Bd. v. Larson,* 450 N.W.2d 771 (N.D.1990) (*Larson I* ), Larson was suspended from the practice of law for 90 days for mishandling client funds. In *Disciplinary Bd. v. Larson,* 485 N.W.2d 345 (N.D. 1992) (*Larson II* ), Larson was suspended from the practice of law for two years for mishandling funds in an estate, and, concurrently, for seven months for practicing law while under the suspension ordered in *Larson I.* We stated in *Larson II* what a suspended attorney cannot do:

> A suspended attorney must refrain from *all* facets of the practice of law. [Citations omitted.] In language drawn from Rule 118.12 of the Iowa Court Rules, we impose the following terms on Larson's suspension for these violations:

> [The] attorney suspended shall refrain, during such suspension, from all facets of the ordinary law practice including, but not limited to, the examination of abstracts; consummation of real estate transactions; preparation of legal briefs, deeds, buy and sell agreements, contracts, wills, and tax returns; and acting as a fiduciary.

485 N.W.2d at 350. In January 1993, disciplinary counsel sought Larson's disbarment for practicing law in violation of the *Larson II* suspension.

A hearing panel of the disciplinary board issued findings of fact and conclusions of law, stating in part:

> [Larson] did engage in the practice of law subsequent to the effective date of her

suspension and contrary to the Supreme Court's order of suspension by:

a) Continuing to act as a fiduciary for James B. Bosh;

b) Preparing Power of Attorneys and Living Will Declarations for Clara Budish and Felix T. Budish;

c) Preparing and filing with County Court a Personal Representative's Verified Statement to Close Estate in the estate of Theodore Jensen;

d) Filing for recording with the Walsh County Register of Deeds for purposes of terminating a deceased joint tenant's ownership interest in real property certified copies of death certificates of Gerald Widme, Albert Richotte, and Selmer Orlando Olson.

All of the above constituting conduct in violation of N.D.C.C. § 27–14–02(2) and Rule 8.4(d) of the Rules of Professional Conduct.[1]

The panel concluded that Larson "knowingly and intentionally continued to practice law subsequent to the effective date of her suspension." The panel recommended that Larson be disbarred and that she "pay all costs and expenses of this proceeding including attorney fees incurred by disciplinary counsel. Disciplinary counsel shall file an affidavit as to these costs, expenses and attorney fees and the amount in said affidavit shall constitute the amount to be paid." Under NDPRLDD 3.1(F), the disciplinary board affirmed the hearing panel's findings and recommendations and submitted them as its report to this court for decision.

We explained our standard of review in disciplinary matters:

We review disciplinary proceedings against attorneys de novo on the record with the standard of proof being by clear and convincing evidence. In reviewing the record, we accord due weight to the findings, conclusions, and recommendations of the hearing panel. However, this Court does not act as a mere "rubber stamp" approving the findings and recommendations of the Disciplinary Board after a perfunctory review. In determining what discipline is warranted, each case must be decided on its own particular facts.

*Larson I,* 450 N.W.2d at 773–74 (citations omitted). These standards guide our review here.

■ Larson contends that, in filing a personal representative's verified statement to close the estate of Theodore Jensen, she relied on a county judge's advice "during a previous time" and "on a prior estate" that the filing of that document "was an administrative act." Larson cannot reasonably rely on a county judge's characterization of an act in a previous probate when Larson's present lack of authority to practice law was not effective. The filing of probate documents clearly is "the ordinary law practice" that a suspended attorney may not perform. *Larson II,* 485 N.W.2d at 350.

Larson also contends that she relied on that county court's "advice with regard to continuing to assist James Bosh during a change-over period between her conservatorship and that of a successor conservator." Larson sought the county judge's permission to apply for public assistance for Mr. Bosh after she was suspended. Faced with the

1. NDCC 27–14–02 says:
   The certificate of admission to the bar of this state of an attorney and counselor at law may be revoked or suspended by the supreme court if he has:
   \* \* \* \* \* \*
   2. Willfully disobeyed or violated an order of the court requiring him to do or to refrain from doing an act connected with or in the course of his professional practice....
   NDRPC 8.4 declares:
   It is professional misconduct for a lawyer to:
   \* \* \* \* \* \*
   (d) engage in other conduct that is enumerated in the North Dakota Century Code as a basis for revocation or suspension of a lawyer's certification of admission.
   NDPRLDD 1.2(A) declares:
   *Grounds for Discipline.* It is misconduct and grounds for disciplinary sanctions for a lawyer to:
   \* \* \* \* \* \*
   (8) Engage in conduct that is prejudicial to the administration of justice, including willful violation of a valid order of this court or its disciplinary board imposing discipline....
   \* \* \* \* \* \*
   (10) Commit any act specified in Section 27–14–02 of the North Dakota Century Code as a cause for suspension or disbarment.

apparent immediate need by Bosh, the county court reluctantly allowed Larson to apply. Presented with this predicament by Larson, the county court's permission to perform one act is not a legal justification. Instead, as in *Larson II*, 485 N.W.2d at 351, this ploy appears to be another attempt by Larson to "rationalize her conduct by disingenuous legal arguments."

█ Larson argues that her conduct was not willful disobedience of the suspension order because NDCC Ch. 27–14 does not define "willfully" and her conduct does not meet such common dictionary definitions as "malicious," "done with evil intent," or done "with a bad motive or purpose." She argues that she cannot be disbarred because NDSILS 8.1(a) stipulates that she "knowingly" or "intentionally" violated the disciplinary order, and, because those terms are not defined, they must be given an ordinary meaning of willful, in the sense of having been done with an "evil intent or bad purpose." This, too, appears to be another attempt by Larson to "rationalize her conduct by disingenuous legal arguments." *Larson II*, 485 N.W.2d at 351. As *Judicial Qualifications Comm'n v. Schirado*, 364 N.W.2d 50 (N.D. 1985); and *Matter of Cieminski*, 270 N.W.2d 321 (N.D.1978), illustrate, the term "willfully" in a professional disciplinary proceeding means acts that were done in the exercise of the performer's free will and were not done under coercion.

Larson's attorney concedes, and the record corroborates, that Larson violated this court's suspension order, but pleads for leniency through other measures short of disbarment. He asks that we allow Larson to retire without being disbarred. Sadly, we are unable to do so. We are deeply disappointed that, after a long legal career since 1942, Larson has twice violated suspensions. We conclude that we must disbar Larson.

█ This court's disciplinary orders are not intended to be "empty noise." *McCullough v. Swanson*, 245 N.W.2d 262, 265 (N.D. 1976). Disciplinary orders are intended to protect the public. *See Larson II*, 485 N.W.2d at 351. NDSILS Standard 8 instructs:

Absent aggravating or mitigating circumstances ...:

*8.1* Disbarment is Generally Appropriate When a Lawyer:

(a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or

(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that causes injury or potential injury to a client, the public, the legal system, or the profession.

We have no difficulty in concluding, as did the disciplinary board and the hearing panel on this record, that Larson "knowingly and intentionally continued to practice law subsequent to the effective date of her suspension" in *Larson II*. Therefore, NDSILS Standards 8.1(a) and (b) apply. We agree with the disciplinary board and the hearing panel that no mitigating factors exist in this case. We order that Larson be immediately disbarred from the practice of law in the State of North Dakota.

█ NDPRLDD 1.3(A)(9) says that "[m]isconduct shall be grounds for ... [a]ssessment of costs and expenses of proceedings against the lawyer." NDPRLDD 1.3(D) directs: "Unless otherwise ordered by this court or the board, costs and expenses of all disability or discipline proceedings, ..., shall be assessed against the lawyer in any case where discipline is imposed." Beginning with *Matter of Pohlman*, 248 N.W.2d 833 (N.D.1976), this court has required disciplined attorneys to pay the costs of the disciplinary proceedings, including legal fees and expenses. In *Larson II*, we observed: "It is only fair that attorneys whose unethical conduct creates the need for a disciplinary system contribute their direct share of the costs of maintaining that system." 485 N.W.2d at 351. We concluded that "under NDPRLDD 1.3(D), costs and expenses should ordinarily include reasonable attorney's fees of disciplinary counsel." 485 N.W.2d at 351. The disciplinary board has recommended that Larson be ordered to pay all costs and expenses of the disciplinary proceeding, includ-

ing attorney fees incurred by disciplinary counsel, and that the amount claimed in an affidavit of disciplinary counsel "shall constitute the amount to be paid." As in *Larson II*, 485 N.W.2d at 351, we agree that Larson should be required to pay the costs and expenses of the disciplinary proceedings, including reasonable attorney fees of disciplinary counsel. However, given Larson's challenge to the reasonableness of disciplinary counsel's claimed amounts, we direct a less open-ended approach.

█ A disciplined attorney should have a fair opportunity to challenge the reasonableness of attorney fees claimed by disciplinary counsel. We, therefore, order Larson to pay the costs and expenses of the disciplinary proceedings, including reasonable attorney fees of disciplinary counsel, in an amount to be determined by the disciplinary board after affording Larson an adequate hearing opportunity to challenge the reasonableness of the attorney fees claimed by disciplinary counsel.

NDPRLDD 6.2(B) directs this court to cause publication of a notice of a lawyer's disbarment in the state bar association publication and in the official newspaper of the county where the lawyer maintained an office for the practice of law. NDPRLDD 6.2(C) directs this court to request the presiding judge in the lawyer's judicial district to appoint a professional trustee, if necessary, under NDPRLDD 6.4. Rule 6.3(A) mandates that a disbarred lawyer give notice of the disbarment to clients, co-counsel, and opposing counsel. In this case, disciplinary counsel has requested wider dissemination of notice of Larson's disbarment, especially to banks and nursing homes. Under NDPRLDD 6.3(B),[2] we authorize disciplinary counsel to give additional notice of Larson's disbarment as the disciplinary board directs.

This case merits consideration of the possibility of earlier intervention for enforcement.

Disciplinary counsel, the disciplinary board, and this court each have a role in the disciplinary process. Usually, the process is initiated by disciplinary counsel, the disciplinary board makes findings and recommendations, and this court adjudicates. Once discipline has been imposed, enforcement will often be necessary. As in this case, one method of enforcement will be that an attorney who violates a disciplinary order can be disciplined again.

█ Still, there will often be additional enforcement means that may be more prompt, less expensive, and more effective. NDPRLDD 2.4(B)(3) authorizes disciplinary counsel to "[p]rosecute disciplinary ... proceedings ... before hearing bodies, the board and the court." We do not narrowly construe that authorization to confine disciplinary counsel only to prosecuting proceedings for the imposition of a disciplinary order. We construe the power and duty of disciplinary counsel broadly to also authorize prosecution of enforcement actions by seeking such relief as injunctions[3] and punishment for contempt of court[4] for noncompliance. *See, e.g.,* 7A C.J.S., *Attorney and Client* § 120(b) (1980); 7 Am.Jur.2d, *Attorneys at Law* §§ 46, 97, 117 (1980); Annotation, *Right to enjoin business competitor from unlicensed or otherwise illegal acts or practices,* 90 A.L.R.2d 7 § 11[a] (1963). Nor does this court need to act on or to consider every enforcement effort. While a disciplinary order is in effect, judges of the district court can be authorized or delegated to take appropriate action to enforce discipline and to protect the public. *See* NDPRLDD 1.1(A), 2.2, and 6.2(C); NDCC 27–05–06(1) and (3); N.D. Const. art. VI, § 3. Prompt local enforcement may often be more effective than additional discipline for a recalcitrant subject.

We (1) order that Larson is immediately disbarred from the practice of law in North

---

2. NDPRLDD 6.3 says: *"B. Special Notice.* The court may direct the issuance of notice to such financial institutions or others as may be necessary to protect the interests of clients or other members of the public."

3. NDCC 32–05–03 says: "Preventive relief consists in prohibiting a party from doing that which

ought not to be done. It is granted by injunction, temporary or final."

4. NDCC 27–10–01.1(1)(c) says that " 'Contempt of court' means: ... Intentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer including a referee or magistrate."

Dakota; (2) order Larson to pay the costs and expenses of the disciplinary proceedings, including reasonable attorney fees of disciplinary counsel in an amount to be determined by the disciplinary board in accordance with this opinion; and (3) authorize disciplinary counsel to disseminate notice of Larson's disbarment as the disciplinary board directs.

VANDE WALLE, C.J., and MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.