1999 ND 82

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Lynn M. BOUGHEY, A Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of North Dakota, Petitioner,**

v.

**Lynn M. BOUGHEY, Respondent.**

No. 990124.

Supreme Court of North Dakota.

May 7, 1999.

Paul W. Jacobson, Assistant Disciplinary Counsel, Bismarck.

Timothy Q. Purdon, Dickson Law Office, Bismarck.

INTERIM SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] On May 3, 1999, an Application for Order of Interim Suspension of Lynn M. Boughey, a member of the Bar of North Dakota, with attached certified copies of the Information, Amended Information, Plea Agreement, Transcript of Plea Hearing dated April 7, 1999, and Order Deferring Imposition of Sentence in *State of North Dakota v. Lynn Martin Boughey,* Ward County Criminal No. 98–K–499, was filed under Rule 4.1, North Dakota Rules for Lawyer Discipline (N.D.R. Lawyer Discipl.), by Assistant Disciplinary Counsel Paul W. Jacobson. The Application shows that Lynn M. Boughey was admitted to practice as an attorney and counselor at law in the Courts of North Dakota on September 29, 1983, and since that time his name has appeared on the roll of attorneys admitted to the Bar of North Dakota.

[¶ 2] On April 7, 1999, Mr. Boughey entered into a Plea Agreement wherein he was adjudged guilty of the offense of violating Section 27–13–08(3), N.D.C.C., for Misconduct of an Attorney. Under Section 27–13–08(3), N.D.C.C., an attorney is guilty of a class A misdemeanor if he willfully receives any money or other property for or on account of any money or debt which he has not laid out or become answerable for. On April 13, 1999, the trial court entered an Order Deferring Imposition of Sentence based on the Plea Agreement. Disciplinary Counsel requests immediate suspension of Mr. Boughey for conviction of a serious crime under Rule 4.1(C), N.D.R. Lawyer Discipl., involving fraud, deceit or misappropriation.

[¶ 3] On May 5, 1999, Mr. Boughey filed a Motion in Opposition to Immediate Suspension or, In the Alternative, Motion to Set Aside or Modify Interim Suspension with supporting Brief and attachments, requesting that the Court not enter an immediate suspension. In the alternative, Mr. Boughey requests that the Court find good cause to set aside or modify the interim suspension until the civil disciplinary process is completed.

[¶ 4] Having considered the matter, the Court hereby ORDERS, that Lynn Martin Boughey's license to practice law in the State of North Dakota is SUSPENDED effective **Monday, May 10, 1999,** and until further order of this Court.

[¶ 5] IT IS FURTHER ORDERED, that Mr. Boughey give notice as required in Rule 6.3, N.D.R. Lawyer Discipl., and that proof of compliance be filed with the Supreme Court by May 20, 1999.

[¶ 6] WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., RALPH R. ERICKSON, District Judge, concur.

[¶ 7] Chief Justice GERALD W. VANDE WALLE, Justice DALE V. SANDSTROM, and Justice CAROL RONNING KAPSNER, deeming themselves disqualified, did not participate in this decision, the Honorable RALPH R. ERICKSON, District Judge, sitting.