1999 ND 202

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Johnnie A. LANDON, Jr., a Member of the Bar of the State of North Dakota.

Disciplinary Board, Petitioner,

v.

Johnnie A. Landon, Jr., Respondent.

No. 990118.

Supreme Court of North Dakota.

Oct. 20, 1999.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, N.D., for petitioner.

Johnnie A. Landon, Jr., pro se, Washington, D.C., respondent.

PER CURIAM.

[¶ 1] Johnnie A. Landon, Jr., appeals an order for discipline reprimanding him, requiring him to make timely restitution to his former client consistent with a previous agreement, and ordering him to pay $2,093 in costs and expenses for disciplinary proceedings brought against him. We conclude Landon violated N.D.R. Prof. Conduct 1.3, and we order he be reprimanded.

I

[¶ 2] This proceeding arose out of conduct by Landon during his representation of Dr. Arlease Salley, a resident of North Carolina. Landon, a member of the North Dakota bar since October 7, 1977, served as lead counsel in Dr. Salley's case. Another attorney, Lee Andrews, a member of the North Carolina bar, was co-counsel and attorney of record. Landon represented Dr. Salley in a civil action in the United States District Court, Middle District of North Carolina.

[¶ 3] Landon did not timely respond on Dr. Salley's behalf to a motion for summary judgment. Thereafter, Dr. Salley's case was dismissed. Landon claimed this failure was "due, in part, to physical and emotional disabilities." Landon also did not file a motion to vacate or alter the judgment. After dismissal of Dr. Salley's case and his failure to file a motion to vacate or alter the judgment, Landon agreed to "make [Dr.] Salley whole" by paying her $35,000 over a five-to-seven-year period, beginning in July of 1993.

[¶ 4] On or about July 26, 1995, Landon was served with a summons and petition for discipline from the assistant disciplinary counsel of the Disciplinary Board of the Supreme Court. On approximately July 27, 1995, Landon was served a summons and amended petition for discipline. Both petitions alleged violations of N.D.R. Prof. Conduct 1.1, Competence; 1.2[sic], Diligence; 1.4, Communication; 1.5, Fees; 1.15, Safekeeping Property; and N.D.R. Lawyer Discipl. 1.2(A)(3). On August 17, 1995, the matter was referred to a hearing body of the disciplinary board. On August 23, 1995, Landon filed an answer, requesting the petition be dismissed or, alternatively, remanded to an inquiry committee for informal disposition.

[¶ 5] Dr. Salley refused to cooperate with the disciplinary counsel in the proceedings before the hearing body, and she indicated she wished to have the formal proceedings dismissed and the complaint handled informally. On October 13, 1997, the assistant disciplinary counsel filed a motion to dismiss, which was denied.

[¶ 6] On April 3, 1998, Landon moved to dismiss, based on a stipulation of Landon's attorney and the assistant disciplinary counsel. The hearing body granted dismissal, but the disciplinary board reversed the dismissal and remanded the matter to the hearing body for further proceedings. On December 18, 1998, the hearing body heard the amended petition for discipline. The assistant disciplinary counsel moved to amend the amended complaint to correct the numerical designation of N.D.R. Prof. Conduct, Diligence, from 1.2 to 1.3. The assistant disciplinary counsel moved for judgment on the pleadings. Subsequently, the hearing body issued its findings and recommendations. On January 26, 1999, the assistant disciplinary counsel

filed an affidavit of costs and expenses, detailing charges incurred from July 19, 1995, through January 15, 1999.

[¶ 7] On March 1, 1999, the disciplinary board considered the matter at its regularly scheduled meeting. The disciplinary board subsequently issued an order for discipline, dismissing the charges of violating N.D.R. Prof. Conduct 1.1, 1.4, 1.5, and 1.15, and N.D.R. Lawyer Discipl. 1.2(A)(3) for lack of evidence. The disciplinary board adopted the hearing body's recommendations, finding Landon violated N.D.R. Prof. Conduct 1.3, and issued a reprimand. In addition, Landon was ordered to "make timely restitution to Dr. Arlease Salley consistent with their agreement." He was also ordered to pay $2,093, the costs and expenses of the disciplinary proceedings.

[¶ 8] Landon was served with the order on March 17, 1999, and he filed objections to the order on April 26, 1999. Under N.D.R. Lawyer Discipl. 3.1(G), Landon had twenty days from receipt of the order to file his objections. According to N.D.R. Lawyer Discipl. 3.5(H), however, this time limit is directory, rather than jurisdictional. *See Disciplinary Bd. v. Ellis*, 504 N.W.2d 559, 562 (N.D.1993).

[¶ 9] The disciplinary board had jurisdiction over this matter under N.D.R. Lawyer Discipl. 2.1(H) and 3.1(E). This Court has jurisdiction under N.D.R. Lawyer Discipl. 3.1(F).

## II

[¶ 10] This Court reviews disciplinary proceedings *de novo* on the record under a clear and convincing standard of proof. *Disciplinary Bd. v. Leier*, 1997 ND 79, ¶ 3, 562 N.W.2d 741. We give "due weight to the findings, conclusions, and recommendations of the Disciplinary Board"; however, we do not simply act as a "rubber stamp" for those findings and recommendations. *Id.* "Each disciplinary case must be reviewed upon its own facts to determine what discipline is warranted."

*Leier*, at ¶ 3 (citing *Disciplinary Bd. v. Nassif*, 547 N.W.2d 541, 542 (N.D.1996)).

### A

[¶ 11] The issue in this case is whether there is clear and convincing evidence Landon violated N.D.R. Prof. Conduct 1.3. Landon argues his failure to file a response to opposing counsel's motion for summary judgment in Dr. Salley's case did not violate N.D.R. Prof. Conduct 1.3.

### 1

[¶ 12] Landon claims the hearing body's findings and recommendations, and the disciplinary board's order for discipline were based, in part, on a statement in his answer the disciplinary board found to be an admission he violated N.D.R. Prof. Conduct 1.3. Landon argues this finding "has no basis in fact, and does not comport with simple rules of grammar." The statement at issue is:

> despite the fact that Landon took appropriate corrective action pursuant to Rules 59 and 60(b) of Federal Rules of Civil Procedure to have Salley's case reinstated after the case was dismissed in September, 1991, lead counsel Landon, due, in part, to physical and emotional disabilities, failed to timely respond on Ms. Salley's behalf to a motion for summary judgment, which resulted in the dismissal of her case in September, 1991.

[¶ 13] While he concedes the motion for summary judgment caused the dismissal, Landon claims his failure to respond was not the reason why Dr. Salley's case was dismissed. He argues the board failed to receive or consider any evidence the summary judgment motion merited a response. Because summary judgment may have been granted against Dr. Salley even if he had answered, Landon claims it was in his discretion to file an answer.

[¶ 14] He does not, however, allege any facts supporting his claim the motion did not merit a response. Landon's represen-

tation of Dr. Salley in the United States District Court, Middle District of North Carolina was governed by the district's local rules of court. According to North Carolina Middle District Local Rule 7.3(f), "[t]he respondent, if opposing a motion, shall file a response, including brief, within 20 days after service of the motion (30 days if the motion is for summary judgment)." The rules further provide "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." N.C.M.D.L.R. 7.3(k). Under the United States District Court, Middle District of North Carolina local rules of court, Landon should have filed a timely response in Dr. Salley's case in order to protect her interests.

▮ [¶ 15] He also argues the disciplinary board erred in construing references to his settlement with Dr. Salley to be an admission that his failure to file a response caused the dismissal. Landon claims this is a mischaracterization of the pleadings and is not supported by clear and convincing evidence. He argues he agreed to pay Dr. Salley $35,000 in order to terminate representation of her. Citing N.D.R. Prof. Conduct 1.16(b), Landon asserts his withdrawal was allowable only if it were not adverse to Dr. Salley's interests. Landon contends he agreed to pay her $35,000 to abide by this rule.

[¶ 16] At the same time, he claims evidence of his alleged settlement with Dr. Salley cannot be used as an admission that he violated a disciplinary rule because such offers of settlement are inadmissable under N.D.R.Ev. 408. See N.D.R. Lawyer Discipl. 3.5(B). The explanatory note to N.D.R.Ev. 408 states, "Whenever the evidence is introduced for a purpose other than proving liability or validity, or when the claim is not really disputed ... the rule does not apply."

[¶ 17] The record shows the hearing body and disciplinary board examined this settlement for its value as a possible mitigating factor and in its formulation of discipline and sanctions against Landon, and not to establish a violation of a disciplinary rule. See N.D. Stds. Imposing Lawyer Sanctions 9.32(d) (noting a "timely good faith effort to make restitution" is a mitigating factor).

2

[¶ 18] A lawyer is required to act "with reasonable diligence and promptness" in representing clients. N.D.R. Prof. Conduct 1.3. The hearing body and disciplinary board found Landon's answer contained an admission that he failed to timely file a response to the motion for summary judgment brought against Dr. Salley. From this finding, the board concluded Landon's failure to respond was due to lack of diligence, a violation of N.D.R. Lawyer Discipl. 1.3. From our review of the record, we conclude there is clear and convincing evidence to support the disciplinary board's finding Landon violated N.D.R. Prof. Conduct 1.3.

B

▮ [¶ 19] Under the 1998 version of N.D.R. Lawyer Discipl. 2.1(H)(4), the disciplinary board has the power and duty to "[a]ct on each formal disciplinary proceeding, either by dismissing the petition, issuing a reprimand, imposing probation, or, if appropriate, recommending imposition of other sanctions." This provision was deleted in the current version of the rule, effective July 1, 1999. See Report of Joint Committee on Attorney Standards 1–2 (Dec.1998); Order of Adoption, Amendments to the Rules for Lawyer Discipline, Rules of Professional Conduct, and Admission to Practice Rules No. 990001 (Mar. 17, 1999). Because the disciplinary board hearing was held and its order for discipline was issued on March 1, 1999, prior to the date of the amendment to N.D.R. Lawyer Discipl. 2.1, the 1998 version of the rule governed those proceedings.

[¶ 20] Further, N.D.R. Lawyer Discipl. 1.3 provides, "[m]isconduct is grounds for one or more of the following forms of discipline: ... [r]eprimand by the court or board." Accordingly, under the North Dakota Rules for Lawyer Discipline, the disciplinary board has the power to either order discipline or recommend discipline to be ordered by this Court.

■ [¶ 21] In deciding the appropriate sanction for violations of the Rules of Professional Conduct, this Court is guided by the North Dakota Standards for Imposing Lawyer Sanctions. *Disciplinary Bd. v. Nassif,* 547 N.W.2d 541, 544 (N.D.1996). Under N.D. Stds. Imposing Lawyer Sanctions 4.43, "[r]eprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *See Disciplinary Bd. v. Dooley,* 1999 ND 184, ¶ 33, 599 N.W.2d 619.

[¶ 22] Under N.D. Stds. Imposing Lawyer Sanctions 3.0(d), when "imposing a sanction after a finding of lawyer misconduct," this Court "should consider ... the existence of aggravating or mitigating factors." N.D. Stds. Imposing Lawyer Sanctions 9.32(d) indicates restitution shall be made in a timely fashion. Landon's agreement to pay Dr. Salley $35,000 could be considered restitution; however, Landon has not completely fulfilled his agreement with Dr. Salley. Accordingly, the disciplinary board noted Landon's prior arrangement with Dr. Salley, and ordered Landon to perform his previous obligation.

■ [¶ 23] Another mitigating factor possibly present in the record is contained in Landon's answer, where he states his failure to respond in Dr. Salley's case was "due, in part, to physical and emotional disabilities." *See* N.D. Stds. Imposing Lawyer Sanctions 9.32(h). "When an attorney seeks mitigation of a sanction for professional misconduct by reason of psychological disability, the attorney must at least demonstrate he [or she] had a severe psychological or emotional problem and it was the cause of the misconduct." *Disciplinary Bd. v. Rau,* 533 N.W.2d 691, 695 (N.D.1995) (citations omitted). The nature of Landon's "physical and emotional disabilities" was not disclosed at any time during the disciplinary board's pursuit of this matter. Nor was there any showing how these "physical and emotional disabilities," if present, affected Landon's ability to comply with the Rules of Professional Conduct. *Disciplinary Bd.v. Nassif,* 547 N.W.2d 541, 544 (N.D.1996). Thus, the discipline of a reprimand is appropriate in this case.

[¶ 24] Under N.D.R. Lawyer Discipl. 1.3, "[m]isconduct is grounds for one or more of the following forms of discipline: ... [r]estitution to persons financially injured." In addition, N.D. Stds. Imposing Lawyer Sanctions 2.7(a) states, "[o]ther sanctions and remedies which may be imposed include ... restitution." We therefore order Landon to be reprimanded for violating N.D.R. Prof. Conduct 1.3, and to "make timely restitution to Dr. Arlease Salley consistent with their agreement."

C

■ [¶ 25] Landon further asserts the costs and expenses awarded against him are excessive, and the disciplinary board's assessment of these expenses is unreasonable. On the contrary, the affidavit of costs and expenses, along with its attachment, clearly details the activities and costs incurred. The costs and expenses submitted in the assistant disciplinary counsel's affidavit and attachments reflect an investigation lasting three and one-half years, and involving contact with several persons residing outside the state of North Dakota. The costs and expenses, in the amount of $2,093, are not excessive.

[¶ 26] In addition, the disciplinary rules require, unless otherwise ordered by this Court or the disciplinary board, that costs and expenses of all disciplinary proceedings, "including, without limitation, the costs of investigations, service of process, witness fees, and a court reporter's ser-

vices, must be assessed against the lawyer in any case where discipline is imposed." N.D.R. Lawyer Discipl. 1.3(D). Accordingly, the disciplinary board's order requiring Landon to pay costs is not unreasonable, and, in fact, is mandated by our rules governing lawyer discipline.

[¶ 27] The disciplinary board's order requiring Landon to pay $2,093 in costs and expenses is affirmed.

### III

[¶ 28] We have considered Landon's other arguments and conclude they are without merit. We agree with the Board's conclusion Landon violated N.D.R. Prof. Conduct 1.3. We order Landon be reprimanded, pay $2,093 in costs and expenses to the Secretary of the Disciplinary Board, and make timely restitution to Dr. Salley consistent with their agreement.

[¶ 29] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.