602 N.W.2d 268 (1999)
1999 ND 205
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Lynn M. BOUGHEY, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Lynn M. Boughey, Respondent
Nos. 990183, 990184, 990304.
Supreme Court of North Dakota.
November 17, 1999.
Paul W. Jacobson, Disciplinary Counsel, Bismarck, ND, for petitioner. Submitted on brief.
Thomas A. Dickson and Timothy Q. Purdon, Dickson Law Office, Bismarck, ND, for respondent. Submitted on brief.
PER CURIAM.
[¶ 1] The Disciplinary Board petitions for disciplinary action against lawyer Lynn M. Boughey, recommending he be suspended *269 from the practice of law for six months and be assessed $7,212.75 in costs and expenses for the disciplinary proceeding. We conclude the evidence clearly and convincingly establishes Boughey violated N.D.R. Prof. Conduct 1.15(a), and we adopt the Disciplinary Board's recommendation for a six month suspension commencing on May 10, 1999, and for the assessment of $7,212.75 in costs and expenses.

I
[¶ 2] Boughey was admitted to practice law in North Dakota in 1983. In 1996, he made an unauthorized transfer of approximately $31,000 from a trust account identified as "North Dakota LTAB Boughey Law Firm" to a business account to pay operating expenses of his law firm. The money represented $25,000 which Boughey held for the benefit of the James K. Cook Estate and $6,000 which he held to pay costs for an anticipated action for Delores Pasini. Boughey redeposited that sum into the trust account about 16 months later.
[¶ 3] Boughey maintained another trust account identified as "ND Bar Foundation Lynn M. Boughey Trust Account" in which he deposited money received from clients as advance payments for attorney fees and expenses. Dwayne Wilson gave Boughey $10,000 as a retainer for a divorce action. Boughey transferred that money from the trust account within a month after it had been deposited even though he had not performed services for all of the retainer. Midwest Farm Equipment paid Boughey $2,000 as a retainer to collect a debt owed to the company. Boughey placed that money into his personal business account and used it for other purposes. Boughey subsequently repaid Midwest the full $2,000.
[¶ 4] Boughey was served with a petition for discipline and an amended petition for discipline, alleging his unauthorized transfer of money from the "North Dakota LTAB Boughey Law Firm" trust account and withdrawals of unearned money from the "ND Bar Foundation Lynn M. Boughey Trust Account" violated N.D.R. Prof. Conduct 1.15, which requires a lawyer to hold a client's property separate from the lawyer's property. The Disciplinary Board appointed a hearing body for the proceeding. Boughey admitted he violated N.D.R. Prof. Conduct 1.15(a), and submitted a proposal for discipline by consent in which he proposed discipline in the form of a public reprimand, or, alternatively, up to a six month suspension. Boughey's proposal was rejected by the hearing body and the Disciplinary Board. The hearing body and the Disciplinary Board subsequently denied Boughey's request for a continuance and a stay pending completion of criminal proceedings against him.
[¶ 5] After a January 11, 1999 hearing, the hearing body recommended finding Boughey's withdrawal of funds from the trust accounts violated N.D.R. Prof. Conduct 1.15(a). The hearing body recommended suspending Boughey from the practice of law for six months and ordering him to pay all associated disciplinary costs.
[¶ 6] In April 1999, Boughey pled guilty to violating N.D.C.C. § 27-13-08(3), Misconduct of Attorney, and received a deferred imposition of sentence. On application of disciplinary counsel, this Court entered an order for the interim suspension of Boughey's license to practice law, effective May 10, 1999. Disciplinary Bd. v. Boughey, 1999 ND 82, ¶ 4. In May 1999, Boughey was served with a formal petition for discipline, alleging the disposition in the criminal proceeding constituted a serious crime under N.D.R. Lawyer Discipl. 4.1. By stipulation, that petition has been consolidated with the other pending petitions for discipline against Boughey.
[¶ 7] In June 1999, the Disciplinary Board adopted the recommendation of the hearing body and issued a report to this Court recommending Boughey be suspended from the practice of law for six months *270 commencing on May 10, 1999, and be assessed $7,212.75 in costs and expenses.

II
[¶ 8] This Court reviews disciplinary proceedings against attorneys de novo on the record under a clear and convincing standard of proof. Disciplinary Bd. v. Landon, 600 N.W.2d 856, 1999 ND 202, ¶ 10. Although we give due weight to the findings, conclusions, and recommendations of the Disciplinary Board, we are not a rubber stamp for those findings and recommendations, and we decide each disciplinary proceeding upon its own facts. Id. See generally Disciplinary Bd. v. Dooley, 599 N.W.2d 619, 1999 ND 184.

A
[¶ 9] Boughey admits he violated N.D.R. Prof. Conduct 1.15(a), which provides:
A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be deposited in one or more identifiable interest bearing trust accounts in accordance with the provisions of paragraph (d). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer in the manner prescribed in paragraph (f).
[¶ 10] Under our de novo review, we conclude the evidence clearly and convincingly establishes Boughey violated N.D.R. Prof. Conduct 1.15(a). Boughey does not dispute a six month suspension is appropriate for his misconduct, and we accept the Disciplinary Board's recommendation for a six month suspension commencing on May 10, 1999.

B
[¶ 11] Boughey argues a six month suspension is more than sufficient for his misconduct and the added assessment of costs and expenses is unfair. He argues costs and expenses should be denied, or at least substantially reduced, because he admitted the misconduct relating to the trust accounts and offered to accept the same length of suspension ultimately recommended by the Disciplinary Board. He also argues disciplinary counsel's failure to comply with discovery requests supports a denial or reduction of costs and expenses.
[¶ 12] Under N.D.R. Lawyer Discipl. 1.3(D) in effect during this proceeding[1]:
Unless otherwise ordered by the court or the board, costs and expenses of all disability or discipline proceedings, including, without limitation, the costs of investigations, service of process, witness fees, and a court reporter's services, must be assessed against the lawyer in any case where discipline is imposed or there is a transfer to disability inactive status or incapacitated status. All expenses so assessed must be paid to the secretary of the board.
[¶ 13] Unless otherwise ordered by this Court or the Disciplinary Board, our disciplinary rules require assessment of costs and expenses against a disciplined attorney. Landon, 600 N.W.2d 856, 1999 *271 ND 202, ¶ 26. Costs and expenses assessed under N.D.R. Lawyer Discipl. 1.3(D) ordinarily include reasonable attorney fees for disciplinary counsel. Disciplinary Bd. v. Larson, 512 N.W.2d 454, 457-58 (N.D.1994); Disciplinary Bd. v. Larson, 485 N.W.2d 345, 351 (N.D.1992).[2] Costs and expenses of disciplinary proceedings also may be assessed as a sanction. N.D.R. Lawyer Discipl. 1.3(A)(9). See Larson, 485 N.W.2d at 351.
[¶ 14] In Larson, 512 N.W.2d at 457-58, the Disciplinary Board recommended a disciplined attorney pay attorney fees incurred by disciplinary counsel in the amount stated in disciplinary counsel's affidavit. The disciplined attorney challenged the reasonableness of disciplinary counsel's fees, and we said the disciplined attorney should have a fair opportunity to challenge the reasonableness of those fees. Id. at 458. We ordered the disciplined attorney to pay reasonable attorney fees in an amount determined by the Disciplinary Board after affording the disciplined attorney a fair opportunity to challenge the reasonableness of the attorney fees claimed by disciplinary counsel. Id.
[¶ 15] Here, disciplinary counsel submitted a January 22, 1999 affidavit for $7,212.75 in costs and expenses incurred through January 21, 1999. Those costs included $6,630 in attorney fees for 84.8 total hours of work. Boughey objected to the assessment and amount of costs and expenses, including the reasonableness of attorney fees. The hearing body subsequently recommended Boughey pay "all associated disciplinary costs," and the Disciplinary Board adopted the hearing body's recommendation and filed a report to this Court for assessment of $7,212.75 in costs and expenses. Boughey thus was given a fair opportunity to challenge the reasonableness of attorney fees before the Disciplinary Board. See Larson, 512 N.W.2d at 458-59.
[¶ 16] We reject Boughey's argument that costs and expenses should be reduced because he had previously submitted a proposal for discipline with the same length of suspension ultimately recommended by the Disciplinary Board. Boughey's proposal was not identical to the Disciplinary Board's ultimate recommendation. Instead, his proposal for discipline suggested discipline in the form of a public reprimand, or, alternatively, up to a six month suspension. The clear tenor of Boughey's proposal was for discipline in a form less than ultimately recommended by the Disciplinary Board. Moreover, we believe Boughey's conditional admission in the proposal downplayed the seriousness of his misconduct. We decline to conclude the Disciplinary Board's decision to hold a hearing is a sufficient reason to reduce costs and expenses imposed against Boughey. Although Boughey cooperated with disciplinary counsel's investigation and provided extensive documentation of his financial records to the hearing body, disciplinary counsel nevertheless was required to review those records to trace the extent of Boughey's misconduct with his trust accounts. We have reviewed disciplinary counsel's affidavit itemizing his time spent on this proceeding, and we find the fees sought in this case are reasonable. Under our de novo review, we adopt the Disciplinary Board's recommendation for assessment of $7,212.75 in costs and expenses against Boughey.

III
[¶ 17] We accept the Disciplinary Board's recommendation the evidence clearly and convincingly establishes Boughey violated N.D.R. Prof. Conduct 1.15(a). We order Boughey be suspended from the practice of law for six months *272 commencing with the interim suspension on May 10, 1999, and pay $7,212.75 in costs and expenses to the Secretary of the Disciplinary Board.
[¶ 18] NEUMANN, Acting C.J., RALPH R. ERICKSON, D.J., DONALD L. JORGENSEN, D.J. RICHARD W. GROSZ, D.J., MARING, J., concur.
[¶ 19] RALPH R. ERICKSON, D.J., RICHARD W. GROSZ, D.J., and DONALD L. JORGENSEN, D.J., sitting in place of VANDEWALLE, C.J., SANDSTROM, J., and KAPSNER, J., disqualified.
NOTES
[1] Effective July 1, 1999, N.D.R. Lawyer Discipl. 1.3(D) was amended and now provides:

Unless otherwise ordered by the court or hearing panel, costs and expenses of all disability or discipline proceedings, including, without limitation, the costs of investigations, service of process, witness fees, and a court reporter's services, must be assessed against the lawyer in any case where discipline is imposed or there is a transfer to disability inactive status or incapacitated status. In assessing costs and expenses, the court or hearing panel may consider as a mitigating factor the lawyer's tender of a conditional admission under Rule 4.2 that is consistent with or less than the discipline imposed. All expenses so assessed must be paid to the secretary of the board.
The 1999 amendment does not apply to "[a]ny matter then pending with respect to which a formal hearing has been commenced." N.D.R. Lawyer Discipl. 6.6.
[2] When both Larson cases were decided, N.D.P.R.L.D.D. 1.3(D) said "costs and expenses... shall be assessed against the lawyer in any case where discipline is imposed." See Larson, 512 N.W.2d at 457; Larson, 485 N.W.2d at 351. Rule 1.3(D), N.D.R. Lawyer Discipl. was amended effective January 1, 1995, to state "costs and expenses ... must be assessed against the lawyer in any case where discipline is imposed."