2006 ND 105

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Mark R. HELLERUD, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Mark R. Hellerud, Respondent.

No. 20050354.

Supreme Court of North Dakota.

May 11, 2006.

Brent J. Edison, Assistant Disciplinary Counsel, Bismarck, ND, for petitioner.

Mark R. Hellerud, pro se, Ada, MN, respondent.

REPRIMAND ORDERED.

PER CURIAM.

[¶ 1]   Mark Hellerud objects to a report by a hearing panel of the Disciplinary Board which recommended he be reprimanded, refund fees of $9,220.00, and pay costs of $3,030.25, plus the costs of the transcript for violation of N.D.R. Prof. Conduct 1.5(a) (excessive fees) & N.D.R. Prof. Conduct 1.5(b) (not adequately communicating fees).   We conclude there is clear and convincing evidence Hellerud negligently violated those rules, and we adopt the hearing panel's recommendation that Hellerud be reprimanded and pay costs.   We disagree with the hearing panel's recommendation on the amount of fees to be refunded and conclude Hellerud should be required to refund fees of $5,651.25.

I

[¶ 2]   This disciplinary case arose out of a fee dispute over the administration of an estate.   Hellerud was hired by Edward Kraft, an eighty-year-old man from Illinois, to administer the estate of his deceased brother, Earl Kraft.   Edward Kraft

signed a retainer agreement agreeing to pay Hellerud "$275 per hour for all attorney's time and services expended." Hellerud's normal hourly rate is between $150–$175, but he generally charges more for probate matters, usually a little over $200. The retainer agreement did not specify he would bill for the legal assistant's time. Hellerud stated he told Edward Kraft the total fees would likely be between $10,000 and $15,000 because he was not very familiar with North Dakota probate work and would have to make all new forms for this probate. Hellerud also stated he told Edward Kraft to think about the arrangement overnight before signing the retainer agreement. Edward Kraft signed the agreement and has not disputed the fees charged.

[¶ 3] In the probate action, Hellerud sought approval from the district court of approximately $15,000 in attorney fees for an estate that totaled approximately $65,000. The district court refused to allow for the proposed distribution of the estate without a detailed accounting of the hours billed. A niece and heir of Earl Kraft contacted Hellerud about the high amount of attorney fees. The fees would have been deducted from the total estate thus reducing the niece's share of her inheritance. The niece and Hellerud discussed reaching a settlement agreement. After communications between the two broke down, the niece filed a complaint with the Disciplinary Board. After receiving notice of the complaint, Hellerud entered into a stipulation with disciplinary counsel to receive a reprimand, to refund fees in the amount of $5,000, and to be assessed costs in the amount of $500. The stipulation was rejected by the hearing panel.

[¶ 4] Hellerud admitted to billing both his time and his legal assistant's time at the rate of $275 per hour. According to Hellerud, only a few hours of the legal assistant's time was billed at the rate of $275 an hour. He admitted to not distinguishing the legal assistant's time from his time on his billing sheet, but explained his billing system did not allow for the different rates to be separated.

[¶ 5] A hearing panel of the Disciplinary Board found Hellerud violated the North Dakota Rules of Professional Conduct. The hearing panel concluded Hellerud violated N.D.R. Prof. Conduct Rule 1.5(a) requiring an attorney's fee to be reasonable and violated N.D.R. Prof. Conduct Rule 1.5(b) requiring an attorney to provide the basis, rate, or amount of an attorney's fee to be communicated to the client before or within a reasonable time after commencing the representation. The hearing panel found he violated these rules by charging excessive fees and by not adequately communicating to Edward Kraft how the fees would be charged. The hearing panel recommends this Court reprimand Hellerud, that Hellerud be required to refund fees to the estate of Earl Kraft in the amount of $9,220.00, and that Hellerud be required to pay the costs of the disciplinary proceedings in the amount of $3,030.25, plus the costs of the transcript.

[¶ 6] Hellerud objects arguing the fees were not unreasonable because they were agreed upon by the client after full disclosure of the rate he was to bill and the likely amount of hours that would be billed. He also argues this matter is properly addressed with the district court and not the Disciplinary Board because his client has not objected to the rate of fees, and finally, that the assessment of costs is inappropriate.

II

[¶ 7] The primary purpose of the disciplinary process is to protect the public and the integrity of the profession.

*Disciplinary Bd. v. Nassif,* 547 N.W.2d 541, 544 (N.D.1996). We review disciplinary proceedings de novo. *Disciplinary Bd. v. Ward,* 2005 ND 144, ¶ 6, 701 N.W.2d 873. Due weight is given to the findings, conclusions, and recommendations of the hearing panel, but we do not act as a "mere rubber stamp." *Id.* Disciplinary counsel must prove each alleged violation by clear and convincing evidence. *Id.*

A

[¶ 8] The hearing panel recommends Hellerud be reprimanded and be required to refund fees for violating N.D.R. Prof. Conduct Rule 1.5(a) & (b). Hellerud argues the fees were agreed upon after full disclosure with the client and the fees were reasonable.

[¶ 9] Our Rules of Professional Conduct require an attorney's fee to be reasonable. N.D.R. Prof. Conduct Rule 1.5(a). Our Rules also require the "basis, rate, or amount of the fee" to be adequately communicated to a client within a reasonable time after commencing representation. N.D.R. Prof. Conduct Rule 1.5(b). Violating the Professional Conduct Rules can subject an attorney to discipline. *Disciplinary Bd. v. Dooley,* 1999 ND 184, ¶¶ 32–33, 599 N.W.2d 619.

[¶ 10] We agree with the hearing panel that there appears to be an excessive amount of hours billed for a simple administration of a cash estate, combined with a higher than average hourly rate. While attorneys are free to bill at different rates for different clients and different projects, the hearing panel was correct in concluding it is counterintuitive to charge a higher hourly rate for knowing less about North Dakota law.

[¶ 11] What attorneys charge for their services is generally a matter of agreement between the lawyer and the client. *Disciplinary Bd. v. Dooley,* 1999 ND 184, ¶ 13, 599 N.W.2d 619. But N.D.R. Prof. Conduct Rule 1.5(a) requires an attorney's fee to be reasonable. Several factors are weighed to determine when a fee is considered reasonable. These factors include:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

N.D.R. Prof. Conduct Rule 1.5(a).

[¶ 12] Looking to the factors in N.D.R. Prof. Conduct Rule 1.5(a), factors 1 (novelty and difficulty of the questions involved), 3 (fee customarily charged in the locality for similar legal services), and 4 (amount involved and the results obtained), weigh heavily against Hellerud's perception that the fees were reasonable. With factor 1, there has been nothing to suggest the estate was especially novel or difficult. The estate consisted of mostly cash assets, and with similar cash estates in Minnesota, Hellerud's legal assistant testified she could complete most of the estate work by herself. As to factor 3, charging a fee of $275 per hour is not unreasonable, but

Hellerud testified it was more than he normally charges and more than he had charged any client before. Finally, under factor 4, the amount involved was small, as far as estates go, and the results obtained were not helpful to his client. The property from the estate had not been distributed at the time the panel heard the complaint.

[¶ 13] We are cognizant that, to some extent, there is a freedom of contract concern in regulating what an attorney can charge. It would be imprudent to suggest a certain dollar amount per hour is per se unreasonable. But this laissez-faire approach cannot go completely unchecked. *C.f. Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792–93, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975) (holding minimum fee schedule for attorneys published by the Fairfax County Bar Association and enforced by the Virginia State Bar violates federal antitrust law). Attorneys owe their clients greater duties than are owed under general contract law. *See* Restatement (Third) of the Law Governing Lawyers § 34 cmt. b (2000). Courts are empowered to make their own inquiries about the reasonableness of legal fees as a part of their inherent authority to regulate the practice of law. Annotated Model Rules of Professional Conduct 46 (3d ed.1996).

[¶ 14] Suspension from the practice of law is an appropriate sanction for an attorney who "knowingly" charges an excessive fee. *Disciplinary Bd. v. Moe*, 1999 ND 110, ¶ 18, 594 N.W.2d 317. A reprimand is an appropriate sanction for an attorney who negligently charges an excessive fee. *Id.* at ¶ 16; *see also* N.D. Stds. Imposing Lawyer Sanctions 4.43. The N.D. Stds. Imposing Lawyer Sanctions defines "knowledge" as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result," and

"negligence" as "the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation." N.D. Stds. Imposing Lawyer Sanctions Definitions. There is no bright line between the mental state of "knows or should know" and that of "negligence." *Disciplinary Bd. v. Gray*, 544 N.W.2d 168, 172 (N.D.1996).

[¶ 15] A hearing panel of the Disciplinary Board concluded Hellerud acted negligently in violating the rules, but the panel was unable to conclude by clear and convincing evidence that Hellerud acted knowingly. The panel recommended Hellerud be reprimanded due to his negligent conduct. Having reviewed the record before us, we agree with the hearing panel's recommendation that Hellerud's actions were negligent and that a reprimand is an appropriate sanction under N.D. Stds. Imposing Lawyer Sanctions 4.13 and 7.3.

[¶ 16] We disagree with the hearing panel's recommendation as to the appropriate amount of fees to refund. The hearing panel concluded the following fee reductions were necessary to bring Hellerud's fee within the scope of what can be considered a reasonable fee under Rule 1.5(a), N.D.R. Prof. Conduct:

| | |
|---|---|
| a. Reduction of hourly rate from $275 to $150 | $6,362.50 |
| b. Further reduction of document preparation time (14 hrs to 7 hrs) | 1,050.00 |
| c. Further reduction of time for "disclaimer" issue (3.55 hrs to 2 hrs) | 232.50 |
| d. Further reduction of time for file reviews (8.15 hrs to 5 hrs) | 472.50 |
| e. Further reduction for work of legal assistant (3 hrs @ $75 instead of $150 [previously reduced from $275]) | 225.00 |
| f. Further reduction for letters to clients (11.85 hrs to 6 hrs) | 877.50 |
| | $9,220.00 |

[¶ 17] The hearing panel reduced Hellerud's hours and billing rate. The hours were reduced by 17.55, Hellerud's rate was

reduced by $125 per hour, and his legal assistant's rate was reduced by $200 per hour. We believe the hearing panel's reduction of both the number of hours billed and Hellerud's billing rate is inappropriate. Such a reduction fails to give sufficient weight to the retainer agreement contract. It has not been suggested on this record that Edward Kraft was not competent to enter into this agreement or that Hellerud misrepresented the hourly rate to him.

[¶ 18] Hellerud testified Edward Kraft made an informed consensual agreement to pay $275 per hour and was aware of the total amount that would likely be charged. Edward Kraft signed the retainer agreement and has not disputed the fees to be charged. We believe an hourly rate of $275 is not so unreasonable or out of community norms as to violate N.D.R. Prof. Conduct Rule 1.5(a).

[¶ 19] The hearing panel reduced Hellerud's hours by 17.55. It also lowered his legal assistant's rate from $275 to $75 per hour. We believe the reduction of Hellerud's hours is appropriate. Hellerud's hours are reduced by 17.55 for a total reduction of $4,826.25 ($275 × 17.55).

[¶ 20] Hellerud admitted to charging his legal assistant's time at a rate of $275 per hour without disclosure to his client. Hellerud stated this hourly rate difference resulted from his outdated billing system and was done by mistake. The retainer agreement says nothing about charging for the time of a legal assistant. Other than attorney time, the retainer agreement provides: "I agree to pay all costs and expenses of the above matter, including filing fees, fees for service, fees for expert witnesses, and fees for any test." The intent to charge a significant rate for the work of the legal assistant has not been adequately communicated to the client as required by Rule 1.5(b). Accordingly, we require Hellerud to refund $825 charged for his legal assistant's time. Hellerud is required to refund fees to the Earl Kraft estate in the amount of $5,651.25 ($4,826.25 + $825).

## B

[¶ 21] Hellerud argues this fee dispute should not be brought before the Disciplinary Board, but should be resolved between his client, the complaining party, and the district court. He argues that because his client did not complain of his services, and because the district court has the authority to reduce attorney fees, the Disciplinary Board is an improper venue for this fee dispute. We disagree. Hellerud's argument contradicts the purpose of the North Dakota Rules of Professional Conduct.

[¶ 22] Any person injured by the conduct of an attorney may file a complaint against an attorney for a violation of the Rules of Professional Conduct. *See* N.D.R. Lawyer Discipl. 3.1(A). As an heir whose portion of the estate would be reduced by the payment of an excessive legal fee, the complaining party appropriately brought this matter to the Disciplinary Board. Our standards for imposing lawyer sanctions provides that the "failure of injured client to complain" should not be considered as an aggravating or mitigating factor. *See* N.D. Stds. Imposing Lawyer Sanctions 9.4(f). As a licensed attorney in North Dakota, Hellerud's duties transcend his obligation to his client. "No member of the community is charged with the exercise of a higher degree of good faith, fairness, and honesty in his dealings with others, and in his treatment of clients, than an attorney at law." *In re Walton*, 251 N.W.2d 762, 764 (N.D.1977). A client's failure to complain and the district court's ability to lower fees does not prevent the Disciplinary Board from hearing a com-

plaint. Nor does it prevent this Court from imposing sanctions.

### C

[¶ 23] Hellerud argues the assessment of costs is inappropriate in this case. Hellerud points to Standard 2.7(b), N.D. Stds. Imposing Lawyer Sanctions, which states costs "may" be imposed, but are not required. We have previously held that "our disciplinary rules require assessment of costs and expenses against a disciplined attorney." *Disciplinary Bd. v. Boughey,* 1999 ND 205, ¶ 13, 602 N.W.2d 268. "Costs and expenses assessed under N.D.R. Lawyer Discipl. 1.3(D) ordinarily include reasonable attorney fees for disciplinary counsel." *Id.* Our Rules provide: "Unless otherwise ordered by the court or a hearing panel, costs and expenses of all disability or discipline proceedings ... *must* be assessed against the lawyer in any case where discipline is imposed." N.D.R. Lawyer Discipl. 1.3(D) (emphasis added).

[¶ 24] Since we have determined Hellerud should be sanctioned, we believe the mandatory language of N.D.R. Lawyer Discipl. 1.3(D) applies. We thus adopt the hearing panel's recommendation that costs be assessed in the amount of $3,030.25. The transcript costs on appeal are to be added to this amount.

### III

[¶ 25] We adopt the recommendation of the hearing panel in part. Hellerud is reprimanded and required to pay costs for the proceedings in the amount of $3,030.25, plus the costs of the transcript on appeal. Hellerud is also required to refund fees to the Earl Kraft estate in the amount of $5,651.25.

[¶ 26] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.

[¶ 27] The Honorable MARY MUEHLEN MARING disqualified herself subsequent to oral argument and did not participate in this decision.